STAFFORD (BLAKE v.). See Case No. 1,-504.

STAFFORD (CRESCENT CITY ICE CO. v.). See Case No. 3,387.

STAFFORD (GOFF v.). See Case No. 5,504.

## Case No. 13,275.
### STAFFORD v. PAWTUCKET HAIR-CLOTH CO.

[2 Cliff. 82.] [1]

Circuit Court, D. Rhode Island. June Term, 1862.

DAMAGES—EXCESSIVE—PREJUDICE OF JURY—NEW TRIAL.

1. Where damages awarded by a jury are excessive, the error may in many cases, and under most circumstances, be obviated by remitting the amount of the excess; but where the circumstances clearly indicate that the jury were influenced by prejudice, or by reckless

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

disregard of the instructions of the court, that remedy cannot be allowed.
[Cited in Arkansas Val. Land & Cattle Co. v. Mann, 130 U. S. 75, 9 Sup. Ct. 460.]

2. Where such motives and influences appear to have operated on the jury, the verdict must be rejected, because the effect is to cast suspicion upon the conduct of the jury and their entire finding.
[Cited in Arkansas Val. Land & Cattle Co. v. Mann, 130 U. S. 75. 9 Sup. Ct. 460.]

3. Excessive damages having been the foundation of the opinion of the court setting aside the verdict of a jury, and the verdict having exceeded in amount the damages laid in the writ. a remittitur is not the proper remedy, but a new trial should be granted.
[Cited in Ohio River R. Co. v. Blake (W. Va.) 18 S. E. 960.]
[See Howard v. Robertson, Case No. 17,-198a.]

Action to recover damages for the infringement of a patent on an improvement in hair-cloth looms. Defendants [the Pawtucket Hair-cloth Company] pleaded the general issue, and gave notice that they should prove the complainant [Rufus J. Stafford] not to be the original and first inventor of the improvement. Pitman, District Judge, presided at the trial, which was had at the November term, 1860, and charged the jury. Verdict for complainant for the sum of $2,500.

A motion for new trial was made, and the cause came before the court upon that motion. Numerous exceptions were taken to the instructions given to the jury by the judge presiding at the trial; and the rejection of the verdict was also asked upon the ground of excessive damages awarded by the jury, as indicating prejudice upon their part, or misapprehension of the case.

The only reason for setting aside the verdict, distinctly announced in the opinion of the court. was that of the amount of damages.

B. F. Thurston, for plaintiff.
Bradley & Metcalf, for defendants.

CLIFFORD, Circuit Justice. A new trial is asked, among other reasons, because the damages awarded by the jury in the cause, are excessive, and indicate a total misapprehension of the case, and the evidence in this regard, as shown by the report of the evidence.

In substance and effect the charge of the court directed the jury to confine their attention to one machine, and they were expressly told that the court could see no particular proof of actual damages. Looking at the whole case, it is quite clear that the damages are greatly excessive, and plainly the finding was without sufficient evidence to justify it, and contrary to the charge of the court. Such errors may in many cases and under most circumstances be obviated by remitting the amount of the excess, but where the circumstances clearly indicate that the jury were influenced by prejudice or by a reckless disregard of the instructions of the court, that

remedy cannot be allowed. Where such motives or influences appear to have operated, the verdict must be rejected, because the effect is to cast suspicion upon the conduct of the jury and their entire finding.

After careful consideration of the evidence and the circumstances of the trial, we are constrained to come to the conclusion that the case falls within the latter rule. Parties have a right to an impartial trial, and where the finding of the jury is so excessive, and so wholly opposite to the charge of the court, it is not possible to say that the requirements of the law in that behalf have been fulfilled.

In view of the whole case we are of the opinion that the verdict must be set aside and a new trial granted.

On a subsequent day of the term, the court pronounced the following additional opinion in this case:—

CLIFFORD, Circuit Justice. Since the order of the court setting aside the verdict and directing a new trial in this case, it has been suggested by the plaintiff that the opinion of the court given on the occasion contains an error of fact. Regarding the suggestion as a very proper one, we have reviewed the matter and are satisfied that the suggestion is well founded. Evidence was offered by the plaintiff tending to show that the corporation defendants had used some sixty or more machines embracing the principle embodied in the machine of the plaintiff; but the error of fact is not of a character to affect the judgment of the court. Excessive damages was the foundation of the opinion of the court, and the error of fact now corrected is only one of the reasons which led the court to that conclusion. Considering that the verdict exceeded the damages laid in the writ, we are still of the opinion that the order made was correct, and that a remittitur is not, under the circumstances, the proper remedy. Parties have a right to a full and impartial trial, and we are not satisfied that the requirement has been fulfilled.

Let the entry stand as originally directed.