C. & N. W. Ry. Co. v. Cummings.

## CHICAGO & NORTHWESTERN RAILWAY CO.
## v.
## FRANK CUMMINGS.

1. EXCESSIVE VERDICT—REMITTITUR.—In an action by a passenger against a railroad company for damages for an assault upon him by the company's brakeman, the jury brought in a verdict, seven tenths of which the plaintiff was compelled to remit in order to prevent a new trial. *Held*, that the verdict can not but be regarded as the result of passion and prejudice on the part of the jury.

2. SAME—PRACTICE.—While it is in the power of the trial court to render judgment on verdicts reduced to an amount satisfactory to the trial judge, and the entering of such judgment is not error, yet the judgment so rendered is anomalous, and in a reviewing court can not be entitled to the presumptions which obtain in favor of a judgment upon a fair verdict, which results from concurrence upon all the issues by the jury and the court.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed December 8, 1886.

This was an action of trespass for assault and battery brought by appellee to recover damages, for an alleged battery upon him by the brakeman of the appellant, when appellee was a passenger on the cars of appellant. The pleas were the general issue and *son assault demesne.* While it appeared that appellee was beaten by the brakeman of the train in which he was a passenger, there was a sharp conflict of evidence as to whether appellee did not first strike the brakeman. The jury rendered a verdict against appellant and assessed the damages at $2,000. A motion for a new trial was made and on the argument of the motion, the plaintiff, by the requirement of the court, remitted $1,400 of the verdict, and thereupon the motion was denied and judgment was rendered for $600 against the company, and the case is brought to this court by appeal.

Mr. W. C. GOUDY and Mr. W. B. KEEP, for appellant.

Messrs. ELLIS & MEEK, for appellee.

Per Curiam. The damages assessed by the jury were, according to the judgment of the court, more than three times greater than were justified. The damages were unliquidated, and there was no way in which the court could ascertain what part of the judgment was for actual damages, and what for punitive damages. The defendant company ought to have the right to have the verdict of an unprejudiced jury upon the case, and not be compelled to accept in lieu thereof the judgment of the court, and thus be practically denied trial by jury.

A verdict in such a case as this, so excessive that seven tenths of it will be remitted to prevent a new trial, can not but be regarded as the result of passion and prejudice on the part of the jury, and it is difficult to see how the vice in such a verdict can be cured by a remittitur, for the passion and prejudice was in the jury, and must have entered into and permeated the whole finding, and must abide in that which remains as well as in that which is remitted. We are aware that the practice of sustaining such verdicts when reduced by remittitur, has obtained and may be said to be established in this State, it having been adopted and sanctioned by the Supreme Court in several cases, at least so far as to refuse to reverse judgments entered where a portion of excessive verdicts was remitted: Thomas v. Fischer, 71 Ill. 576; McCausland v. Wonderly, 56 Ill. 410.

The course of decision has not, however, been uniform. In Lœwenthal v. Streng, 90 Ill. 74, the court said of the verdict: " It could only have been induced by prejudice, passion or a total misconception of the case, and when it is so flagrantly excessive as to be only accounted for on the grounds of prejudice, passion or misconception, the remittitur does not remove the prejudice, passion or misconception. These elements may have entered, and probably did enter into the finding of facts important to the issue, if not the issue itself. Such feelings would naturally lead to an unfair finding against appellant."

While it must be said that by the law as settled, it is in the power of the trial court to render judgments on verdicts

reduced as the one under consideration was, to an amount satisfactory to the trial judge, and the entering of such judgment is not error, yet the judgment so rendered is anomalous, and in a reviewing court, can not be entitled to the presumptions which obtain in favor of a judgment upon a fair verdict, which results from concurrence upon all the issues by the jury and the court. In the exercise of the revisory power of this court, we may reverse a judgment rendered under such circumstances as appear in the record, notwithstanding there appear to be no errors of law, where, in our opinion, such course will best tend to promote the impartial administration of justice. In view of all the circumstances shown by the evidence in this record, and the impeachment of the verdict by the trial judge, in which appellee concurred by entering a remittitur of so large a part of the verdict, we conclude that the better and more prudent course, the one most likely to conserve the rights of both parties, and approximate justice most nearly in the end, is to submit the issues between the parties to the consideration of another jury, and that this may be done, the judgment will be reversed and the case remanded.

Reversed and remanded.