## West Chicago Street R. R. Co. v. Leokadia Marzalkiewiecz.

1. APPEALS AND ERRORS—*Questions Raised for the First Time on Appeal.*—The authority of a person appearing as the next friend of a minor can not be questioned for the first time in a court of appeal.

2. TRIALS—*A Mere Preponderance of Evidence is Sufficient to Prove a Plaintiff's Case.*—The law is correctly stated in the following instruction: "The court instructs the jury that while, as a matter of law, the burden of proof is upon the plaintiff, and it is for her to prove her case by a preponderance of the evidence, still, if the jury believe that the evidence bearing upon the plaintiff's case preponderates in her favor, although but slightly, it would be sufficient for the jury to find the issues in her favor."

3. PRACTICE—*A Trial Court May Require a Remittitur to be Entered and then Render Judgment.*—It is in the power of a trial court to render judgment on a verdict reduced to an amount satisfactory to the trial judge, and the entering of such a judgment is not error.

4. TRIALS—*Weight of the Evidence a Question for the Jury.*—When there is evidence tending to sustain the issues in behalf of the plaintiff the weight to be given thereto must be submitted to the jury, and their verdict must control.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1897. Affirmed. Opinion filed April 8, 1898.

ALEXANDER SULLIVAN, attorney for appellant; E. J. McARDLE, of counsel.

CASE & HOGAN and WILLIAM P. BLACK, attorneys for appellee.

West Chicago St. R. R. Co. v. Marzalkiewiecz.

## Statement.

Milwaukee avenue, in the city of Chicago, runs north-west and southeast. October 23, 1893, appellee was riding southeasterly along said avenue in an uncovered express wagon. The wagon was drawn by one horse, driven by John Barjowski. Along this avenue there was at that time a double-track street cable car line, owned and operated by the appellant. In the middle of a long block the wagon crossed the tracks from the left to the right side of the street, in front of the grip-car. The wagon had nearly cleared the tracks, when a grip-car going northwest struck the rear wheel of the wagon. The wagon was thrown over by the collision and the appellee thrown to the ground and injured.

This suit was brought by appellee by her father as next friend. At the trial the jury returned a verdict in favor of appellee, fixing damages at $5,000, and appellee, "upon the requirement of the court, entered a remittitur of two thousand dollars ($2,000) from said verdict." The defendant below prosecutes this appeal.

Mr. Justice Horton, after making the above statement, delivered the opinion of the Court.

Appellant argues that there had been no "previous authority or appointment" authorizing the father to appear and prosecute as the next friend of appellee. This objection is made for the first time in this case in this court. It comes too late.

The sixth instruction given to the jury at the instance of appellee, is as follows:

"The court instructs the jury that while, as a matter of law, the burden of proof is upon the plaintiff, and it is for her to prove her case by a preponderance of the evidence, still, if the jury believe that the evidence bearing upon the plaintiff's case preponderates in her favor, although but slightly, it would be sufficient for the jury to find the issues in her favor."

Appellant objects to this instruction upon the theory

that, saying to the jury that if they "believe that the evidence bearing upon the plaintiff's case predominates in her favor, although but slightly, it would be sufficient for the jury to find the issues in her favor," is equivalent to saying to the jury that if the evidence offered by and on the part of the plaintiff "preponderates in her favor," the jury might find for the plaintiff. In other words, the argument is that this instruction excludes from the consideration of the jury the testimony offered on behalf of defendant. Such a criticism of that instruction can not be sustained. Juries do not analyze instructions with all the refinement that astute counsel and reviewing courts sometimes manifest. Precisely this instruction was given in Taylor v. Felsing, and it was held by the Supreme Court (164 Ill. 331) that there is no valid objection to it.

The point is also made that the damages are excessive. It is now the well-settled law of this State, and binding upon this court, that "it is in the power of the trial court to render judgments on verdicts reduced * * * to an amount satisfactory to the trial judge, and the entering of such judgment is not error." Chicago & N. W. Ry. Co. v. Cummings, 20 Ill. App. 333; North Chicago St. R. R. Co. v. Wrixon, 150 Ill. 532.

Is the verdict against the evidence? This point is argued elaborately and with great force on behalf of appellant. It is not for this court to act upon the theory that, if sitting as a jury, it would not have found the verdict rendered. The rule is that "where there is evidence tending to sustain the issue in behalf of the plaintiff, the weight to be given thereto must be submitted to the jury." Lake Shore & M. S. Ry. Co. v. Richards, 152 Ill. 72; Pullman Palace Car Co. v. Laack, 143 Ill. 251.

It is not necessary to review the testimony in detail. If the testimony of appellee and witnesses called by her is relied upon, the jury was warranted in finding a verdict in her favor. If the testimony of the witnesses called by the appellant was the only testimony in the case, such a verdict should not have been rendered. There was testimony

tending to support the appellee's claim, as well as testimony tending to defeat it. Under such a state of facts this court can not disturb the verdict.

The judgment of the Superior Court is affirmed.