Decided 20 June, 1904.

## ADCOCK *v.* OREGON RAILROAD CO.

[ 77 Pac. 78.]

PERSONAL INJURY — ALLEGATIONS AND PROOFS — NERVOUS SHOCK.

1. Under a general allegation of damages recovery cannot be had for injuries resulting from fright or nervous shock, those not being the usual or necessary effects of a physical injury.

PERSONAL INJURY — EVIDENCE OF NERVOUS CONDITION AFTERWARDS.

2. In an action for personal injuries, in which no injury to the nervous system was alleged, and counsel disclaimed any intention of showing such injury as an item of damage, evidence that plaintiff had been nervous since the acci-

dent was not objectional as relating to an element of damage not claimed by the complaint, but is competent as tending to show her general manner and condition.

PERSONAL INJURY — INFERENCE FROM SUBSEQUENT CONDITION.

3. In an action for personal injuries, in which it appears that plaintiff was strong and robust before the accident, and had been nervous since, an inference that the nervousness was the result of the physical injury was justified.

POWER OF COURT TO REQUIRE REMITTITUR OF PART OF VERDICT.*

4. In an action for personal injuries, the court has power to order a remission of a part of the damages awarded by the verdict, as a condition of overruling a motion for a new trial.

POWER TO REMIT PART OF PREJUDICED OR PASSIONATE VERDICT.

5. Where it clearly appears that the jury in a damage action were influenced by passion or prejudice, the error cannot be cured by remitting a part of the verdict, but a new trial must be granted.

PRESUMPTION ON APPEAL AS TO RULINGS OF TRIAL COURT.

6. Where, in an action for personal injuries, defendant's motion for a new trial was based on a claim of excessive damages, appearing to have been given under the influence of passion and prejudice, and also upon the insufficiency of the evidence to justify the verdict, it must be presumed on appeal that an order requiring a remittitur of part of the damages assessed as a condition to denying the motion for a new trial was entered partly because of the insufficiency of the evidence, and not because the verdict was the result of passion and prejudice.

ORDER REFUSING NEW TRIAL NOT APPEALABLE.

7. An order of the trial court allowing or overruling a motion for a new trial is not assignable as error on appeal.

This is an action by Elizabeth Adcock (formerly Dozier) against the Oregon Railroad and Navigation Company to recover damages for an injury to the plaintiff caused by the collision of a cook car upon which she was working with one of defendant's cars. The complaint alleges that by such collision she "was violently thrown against the side of the said cook car, * * and was thereby greatly injured and bruised in and upon the head and in and upon the right side and hip of her, the said Elizabeth Dozier, the plaintiff herein, and her right arm was then and there burned and scalded, so that the said Elizabeth Dozier thereby became sick and unable to work, and suf-

---

*NOTE.— On this subject see 26 L. R. A. 384, for note on Power of Appellate Court to Interfere with Verdict Because of Excessive Damages, citing a large number of cases. See, also, notes in 26 Am. St. Rep. 541, 29 Am. St. Rep. 149, 81 Am. St. Rep. 215, and 67 L. R. A. 495.

In 47 L. R. A. 33 is an extended note: Inadequacy of Damages as a Ground for Setting Aside a Verdict.                    REPORTER.

fered great bodily pain and anguish, and was confined to her bed and room for a period of about three weeks, and was permanently injured in the use of her left eye and right leg, and is unable, by reason thereof, to use her said left leg and right arm as prior to said injury, and her eyesight has been thereby greatly impaired, to the damage of the plaintiff three thousand dollars ($3,000)." The answer denies the negligence alleged, and, for affirmative defense, avers that the injury to the plaintiff was due to the negligence of a fellow-servant and to her own contributory negligence. At the beginning of the trial, however, the attorneys for the defendant stated to the court and jury that it admitted its negligence, and that plaintiff was not guilty of contributory negligence, and therefore the only issue upon which plaintiff would be required to present proof would be as to the extent of her injuries and the amount of her damages. The jury returned a verdict in favor of the plaintiff, assessing her damages at $1,650. The defendant moved to set aside the verdict and for a new trial on the ground (1) of excessive damages, appearing to have been given under the influence of passion or prejudice; (2) insufficiency of the evidence to justify the verdict; and (3) error in law occurring at the trial. Upon the hearing of the motion, the court was of the opinion that the verdict was excessive, and should not have been for a larger sum than $825, but, upon a remittitur by plaintiff of one half of the verdict, the motion was overruled, and judgment entered in her favor for that amount and the costs of the action. From this judgment the defendant appeals, assigning error in the admission of testimony and in overruling the motion for a new trial.

AFFIRMED.

For appellant there was a brief over the names of *William W. Cotton, Carter & Raley*, and *James G. Wilson*, with an oral argument by *Mr. Cotton*.

For respondent there was a brief over the names of *Henry E. Collier, John J. Balleray,* and *John McCourt,* with an oral argument by *Mr. Balleray.*

MR. JUSTICE BEAN, after stating the facts in the foregoing terms, delivered the opinion of the court.

The plaintiff gave evidence tending to show that before the accident she was a strong, healthy, and robust woman ; that she was injured upon the head, had one arm scalded, and was hurt upon the shoulder, hip, and knee ; that she was removed to a neighboring house and confined to her bed for about three weeks; that thereafter she was removed to her daughter-in-law's house, in Nolin, and for a number of weeks was unable to do anything, but had to be assisted in dressing; that she was weak and became tired and exhausted easily; that she complained of her side, back, knee, and arm; that at the time of the accident her name was Dozier, but she was married about two months thereafter to her present husband, Adcock. Her son John Dozier was called as a witness on her behalf, and testified, over the objection and exception of defendant, among other things, as follows : "Q. What has been your mother's condition as to being nervous ? A. She complains of being very nervous at times.  Q. Can't you observe, yourself ? A. Yes, sir; I can notice a great difference.  Q. What is her condition ? A. I can't say exactly what her conditions are.  I am not a physician and am unable to say." Thereupon plaintiff's counsel, by leave of the court, propounded to the witness the following leading question : "Ever since that accident, has she been nervous ?" and the witness answered: "Yes, sir." Dr. McFaul, a practicing physician, testified that he examined the plaintiff at his office some time prior to July 7, 1903, and thereupon, over the objection and exception of the defendant, was asked and answered the following ques-

tions: "Q. What was her condition as to her nervousness?
A. She was suffering considerably. I couldn't tell par-
ticularly about the nervous conditions. She was suffering
apparently considerably at the time. Q. Doctor, what is
the probable result — I mean to the nervous system — of
a sudden jar or jolt from a collision of a railroad train?"
Objection was made to this question on the ground that
the testimony called for was immaterial and at variance
with the allegations of the complaint, when counsel for
plaintiff stated that in asking questions he disclaimed any
right to damages for, or intent to prove, any injury to the
brain or nervous system of the plaintiff, or any psychic or
mental disturbance, and withdrew the last question pro-
pounded to the witness.

1. It is argued that the testimony in reference to plain-
tiff's being nervous after the accident, was incompetent,
under the allegations of the complaint, because not alleged
as a matter of special damages. A general allegation of
damages will let in evidence of such damages as are the
natural and necessary result of the injury complained of,
but, if the plaintiff seeks to recover damages not so con-
nected with the injury alleged, he must plead them. Where
a plaintiff alleges that his person has been injured, and
proves the allegation, the law implies damages, and he
may recover such as necessarily and immediately follow
from the injury, under a general allegation that damages
were sustained. If he seeks, however, to recover damages
for consequences which do not necessarily and immediately
arise from the injury alleged, he must aver the special
damages which he seeks to recover. Under an allegation
of a physical injury, therefore, the plaintiff cannot recover
damages for an injury resulting from fright or a mere
nervous shock: *Maynard* v. *Oregon Railroad Co.* 43 Or.

63 (72 Pac. 590); *Kleiner* v. *Third Avenue R. Co.* 162 N. Y. 193 (56 N. E. 497).

2. The evidence objected to, however, was not offered or admitted, as we understand the record, for the purpose of proving damages for an injury to the nervous system of the plaintiff, but merely as proof of one of the manifestations of the physical injury complained of. The evidence was that ever since the accident the plaintiff had been "nervous," without any particular indication as to what was meant by the term. The word "nervous" is a generic term, having many different meanings, and it is manifest from the disclaimer of counsel of an intention to show injury to the nervous system as an item of damage that, as employed in the questions and answers, it simply means that the plaintiff was excitable and easily agitated or annoyed, as a result of her physical injury, not that she was suffering from a nervous disease caused by the accident. There was no attempt to prove injury to the nervous system, or that plaintiff was suffering from any nervous derangement, and therefore we do not think the rule invoked by counsel is applicable to the case in hand.

3. It is urged that plaintiff failed to show that the nervousness referred to by the witness resulted from the accident. The law is that damages recoverable for an injury are limited to its natural and probable consequences, and in such case the question always is whether there is sufficient connection between the wrongful act and the injury. It is not sought, however, to prove plaintiff's nervousness as a ground of damages. It is shown that she was a strong, robust woman prior to the accident, and ever since that time has been nervous, inferentially indicating at least that her nervousness was the result of the physical injury sustained at the time.

4. It is next contended that the court had no power or authority to overrule defendant's motion for a new trial

on condition that plaintiff remit one half of the damages assessed by the verdict. The power of the court to require the entry of a remittitur in an action to recover damages for a tort, as a condition to overruling a motion for a new trial, has sometimes been denied, but according to the weight of authority the power exists, unless it is apparent that the verdict was the result of passion and prejudice. In the early case of *Blunt* v. *Little*, 3 Mason, 102 (Fed. Cas. No. 1,578), which was an action to recover damages for a malicious prosecution, Mr. Justice Story said that when it clearly appears that the jury have committed a grave error, or have acted from improper motives, or have given damages excessive in relation to the person or the injury, it is the duty of the court to interfere and prevent the wrong, and that the case before him would be submitted to another jury unless the plaintiff remitted a part of the damages assessed by the jury. The remission was made, and a new trial refused. In *Doyle* v. *Dixon*, 97 Mass. 208 (93 Am. Dec. 80), the jury rendered a verdict in favor of the plaintiff for $800. On the hearing of a motion to set aside the verdict for excess of damages and as contrary to the weight of the evidence, the court was of opinion that the verdict was excessive, but, in consequence of the plaintiff's offer to remit one half thereof, ordered it to stand. Upon appeal the ruling was affirmed, Mr. Justice Gray saying: "The defendant has no ground of exception to the action of the superior court upon the motion for a new trial. Such a motion, so far as it depends upon the weight of evidence or other matter of fact, is exclusively addressed to the discretion of the presiding judge. When the damages awarded by the jury appear to the judge to be excessive, he may either grant a new trial absolutely, or give the plaintiff the option to remit the excess, or a portion thereof, and order the verdict to stand for the residue. The judge in this case having adopted the latter course,

and ordered the verdict to stand for the sum of four hundred dollars, the only question of law arising thereon is whether the law would warrant a verdict for this amount."

In *Northern Pac. R.* v. *Herbert*, 116 U. S. 642 (6 Sup. Ct. 590), which was a personal injury action, the plaintiff recovered a verdict for $25,000. The court overruled a motion for a new trial on condition that plaintiff should remit $15,000 of the verdict, and upon appeal the judgment was affirmed. The doctrine of this case was challenged in the subsequent case of *Arkansas Cattle Co.* v. *Mann*, 130 U. S. 69 (9 Sup. Ct. 458), and the court asked to reëxamine the question in the light of the authorities. It did so, and, as a result of its examination, says: "The practice which this court approved in *Northern Pacific Railroad* v. *Herbert* is sustained by sound reason, and does not in any just sense impair the constitutional right of trial by jury. It cannot be disputed that the court is within the limits of its authority when it sets aside the verdict of the jury and grants a new trial where the damages are palpably or outrageously excessive. But in considering whether a new trial should be granted upon that ground, the court necessarily determines, in its own mind, whether a verdict for a given amount would be liable to the objection that it was excessive. The authority of the court to determine whether the damages are excessive implies authority to determine when they are not of that character. To indicate, before passing upon the motion for a new trial, its opinion that the damages are excessive, and to require a plaintiff to submit to a new trial, unless, by remitting a part of the verdict, he removes that objection, certainly does not deprive the defendant of any right, or give him any cause for complaint. Notwithstanding such remission, it is still open to him to show, in the court which tried the case, that the plaintiff was not entitled to a verdict in any sum, and to insist, either in that court or

in the appellate court, that such errors of law were committed as entitled him to have a new trial of the whole case." To the same effect are numerous authorities collected in 18 Enc. Pl. & Pr. 125; 3 Sedgwick, Dam. (8 ed.) § 1322; 2 Sutherland, Dam. (3 ed.) § 459. We are clear, therefore, that it is within the power of a trial court, as a condition to overruling a motion for a new trial, to require the entry of a remittitur of a part of the verdict in an action of tort, when, in its opinion, the verdict is excessive.

·5. It is contended, however, that in this case the court could not have required the plaintiff to remit one half of the verdict in her favor, except upon the theory that the jury were influenced by passion and prejudice. If such had been the view entertained by the court, the proper practice would undoubtedly have been to grant a new trial, as the part of the verdict allowed to stand would have been as much tainted by passion and prejudice as that which was remitted. Where the damages assessed are excessive, in the opinion of the trial court, or not justified by the evidence, the error may in many cases be obviated by remitting the excess; but, where it clearly appears that the jury were influenced by passion or prejudice, the error cannot be cured by merely remitting a part of the verdict, but it must be entirely rejected, since the effect is to cast suspicion on the conduct of the jury and their entire finding: *Stafford* v. *Pawtucket Haircloth Co.* 2 Cliff. 82 (Fed. Cas. No. 13,275); *Loewenthal* v. *Streng*, 90 Ill. 74; *Chicago & N. W. R. Co.* v. *Cummings*, 20 Ill. App. 333; *Steinbuchel* v. *Wright*, 43 Kan. 307 (23 Pac. 560).

6. But we cannot assume in this case, from the mere fact that the court required a remittitur of half the amount of damages assessed by the jury, as a condition to denying the motion for a new trial, that it believed that the verdict was the result of passion and prejudice. There is no find-

ing to that effect. The recital in the order is that it appeared to the court that the damages assessed were excessive. The motion for a new trial was based on the ground of excessive damages, appearing to have been given under the influence of passion and prejudice, and also upon the insufficiency of the evidence to justify the verdict; and it may have been, and we must assume was, allowed in part for the latter reason.

7. Moreover, an order of a trial court allowing or refusing a motion for a new trial is not assignable as error, under the practice in this State : *Kearney* v. *Snodgrass*, 12 Or. 311 (7 Pac. 309); *Beekman* v. *Hamlin*, 23 Or. 313 (31 Pac. 707). And it is therefore at least doubtful whether a party against whom a verdict has been rendered can assign as error on appeal the overruling of his motion for a new trial on condition that his adversary will remit a part thereof in his favor : 18 Enc. Pl. & Pr. 130. There being no error in the record, the judgment is affirmed.          AFFIRMED.

---

Decided 13 June, rehearing denied 5 July, 1904.