Argued 12 July, decided 15 August, rehearing denied 4 December, 1905.

## SORENSON *v.* OREGON POWER CO.

82 Pac. 10.

Master and Servant — Injury to Employee — Responsibility of Master for Negligence of Vice Principal.

1. Under Laws 1903, p. 20, making railroad companies liable for injuries to employees resulting from the wrongful act of an agent or officer superior to the employee injured, a railroad company is responsible to a common laborer in a construction gang for the negligence of the foreman having charge of the gang and control of the conduct and services of the employees therein.

Master and Servant — Contributory Negligence by Obeying Orders of Superior.

2. A common laborer in a railroad construction crew, superintended by a foreman having charge of both the laborers and the operatives of a ballast train, has a right to assume that the foreman will not needlessly expose him to danger, and is not guilty of contributory negligence in going between the cars of the train to couple the air hose in obedience to the foreman's order, without notifying the trainmen of his action.

Remitting Part of Verdict — New Trial.

3. Where the trial court deems the damages rendered for personal injuries excessive, it may overrule a motion to set aside the verdict on condition of a remittitur of the excess over what it deems proper.

Appeal — Excessive Damages as Ground for New Trial.

4. The refusal of the trial court to set aside a verdict and grant a new trial because the damages allowed were excessive is not reviewable.

Damages — Personal Injuries — Excessive Verdict.

5. In an action for injuries to a common laborer, whose leg was crushed so that it had to be amputated below the knee, a verdict for $15,000, as reduced by the trial court to $9,450, is not so excessive as to plainly show bias or prejudice, and will not be disturbed on appeal.

Interest — Unliquidated Damages.

6. Under B. & C. Comp. § 4595, defining the rate of interest "on judgments and decrees for the payment of money," interest on unliquidated damages arising out of a tort does not run until judgment.

Trial — Discharge of Jury — Appearance of Prejudice.

7. The trial court should release a jury from consideration of a case when it is made to appear that by reason of facts existing at the time the jury was impaneled, but unknown to the court, or facts occurring afterwards, members of the jury are subject to such bias or prejudice as not to stand impartially between the parties.

APPEAL — RIGHT TO MODIFY AND AFFIRM JUDGMENT AT LAW.

8. In a law action the supreme court may modify a judgment when the excess is apparent and ascertainable from the record, and affirm the judgment as modified.

From Multnomah: ALFRED F. SEARS, JR., Judge.

Statement by MR. JUSTICE BEAN.

This is an action by Andrew Sorenson against the Oregon Water Power & Railway Co. to recover damages for a personal injury received by the plaintiff through the alleged negligence of the defendant. The plaintiff is a common laborer, and was one of a construction crew or gang of the defendant under the charge and supervision of one George Adams, engaged in repairing its roadbed. The construction outfit consisted of a motor and ballast or gravel cars, operated by a motorman, a conductor, a brakeman, and three or four laborers, who loaded and unloaded the cars. All the employees were under the direct supervision of Adams, and he had a right to direct and control their services and the places where they should work. On the morning of the accident from 8 to 12 of the gravel or ballast cars were standing on a side track at Lents. They were not coupled together in one train, but were in three sections. Adams directed that three of the cars, which were loaded, and at the west end of the switch, should be taken to a point east of the station to be unloaded. This necessitated the coupling of the cars into one train, taking them all out on to the main track, there leaving the loaded cars, and returning the empties to the switch. To do this the motor backed in on the east end of the switch, and while the conductor was coupling up the forward cars Adams ordered plaintiff, without notifying the motorman or the conductor, to go in between the two rear cars on the side opposite from and out of view of the conductor and couple the air hose, at the same time ordering some of the other employees to loosen the brakes on the cars in front of those between which he had ordered the plaintiff.

While obeying this order, the cars in front were suddenly backed down against those between which he was working, throwing him to the ground, and crushing his leg so that it had to be amputated below the knee. This action is brought to recover damages for the injury thus sustained. The theory of the plaintiff is that it was the duty of Adams, after he had ordered plaintiff in between the cars to couple the air hose, to see that the motorman and the conductor were notified of that fact, so that no force would be suddenly applied to the cars between which he was working, to his injury; and that Adams failed and neglected to perform such duty, by reason of which the injury occurred. The defendant's contention is that the plaintiff is guilty of contributory negligence in obeying the orders of Adams and in going between the cars without himself notifying the operatives of the train or placing himself in communication with them. The plaintiff had a verdict for $15,000, but it was reduced by the trial court to $9,450, and judgment rendered for that amount, with interest from the date of the verdict to the date of the judgment. The defendant appeals, assigning error in overruling its motion for a nonsuit, in refusing to set aside the verdict because excessive, in allowing interest thereon prior to the entry of judgment, and in refusing to discharge the jury on account of the bias or prejudice of a juror.      Modified and Affirmed.

For appellant there was a brief over the names of *Hogue & Wilbur* and *William T. Muir*, with an oral argument by *Mr. Ralph W. Wilbur* and *Mr. Muir*, to this effect.

I. Plaintiff was aware of all the conditions under which he was working at the time of the accident. He was a competent employee, yet made no effort to protect himself by notifying any person in charge of the train of his dangerous position. Therein he was guilty of contributory

negligence and cannot recover: *Alabama, G. S. R. Co. v. Roach*, 110 Ala. 266 (20 So. 132); *Alabama, G. S. R. Co. v. Roach*, 116 Ala. 360 (23 So. 52); *Southern Pac. R. Co. v. Pool*, 160 U. S. 438 (16 Sup. Ct. 338); *Hulien v. Chicago & N. W. Ry. Co.*, 107 Wis. 122 (82 N. W. 710); *Spencer v. Ohio & M. Ry. Co.*, 130 Ind. 181 (29 N. E. 415); *Atchison Ry. Co. v. Alsdurf*, 47 Ill. App. 204; *Atchison Ry. Co. v. Alsdurf*, 56 Ill. App. 578; *Thoman v. Chicago & N. W. Ry. Co.*, 92 Iowa, 196–199 (60 N. W. 612); *Norfolk & W. Ry. Co. v. Graham*, 96 Va. 430 (31 S. E. 604); *Lumpkin v. Southern Ry. Co.*, 99 Ga. 111 (24 S. E. 963); *Whitcomb v. McNulty*, 105 Fed. 863; *Cleary v. Dakota Packing Co.*, 71 Minn. 150, 155; *Jenkins v. Mahopac*, 10 N. Y. Supp. 484; *Lovejoy v. Boston & L. R. Co.*, 125 Mass. 79, 82 (28 Am. Rep. 206); *Whitmore v. Boston & M. Ry. Co.*, 150 Mass. 477 (23 N. E. 220); *Coombs v. Fitchburg Ry. Co.*, 156 Mass. 200 (30 N. E. 1140); *Perry v. Old Colony Ry. Co.*, 164 Mass. 296, 300 (41 N. E. 289); *Caron v. Boston & A. Ry. Co.*, 164 Mass. 529 (42 N. E. 112); *McLean v. Chemical Paper Co.*, 165 Mass. 5 (42 N. E. 330); *Nihill v. New York, N. H. & H. R. Co.*, 167 Mass. 52 (44 N. E. 1075); *Hallihan v. Hannibal Ry. Co.*, 71 Mo. 117, 118; *Whitaker v. Coombs*, 14 Ill. App. 498; *Wormell v. Maine Cent. Ry. Co.*, 79 Me. 397, 403 (1 Am. St. Rep. 131, 10 Atl. 49); *O'Donnell v. Navigation Co.*, 49 App. Div. 408; Employer's Liability (Dresser), 348.

II. The risk was obvious and known to the plaintiff. A servant must exercise care for his own safety: *Stager v. Troy Laundry Co.*, 38 Or. 480, 485 (63 Pac. 645, 53 L. R. A. 459); *Tucker v. Northern Term. Co.*, 41 Or. 82, 89 (68 Pac. 426, 11 Am. Neg. Rep. 629, 27 Am. & Eng. R. R. Cas. N. S. 166); *Perry v. Old Colony Ry. Co.*, 164 Mass. 296–300 (41 N. E. 289); *Coombs v. Fitchburg Ry. Co.*, 156 Mass. 200 (30 N. E. 1140); *Wormell v. Maine Cent. Ry. Co.*, 79 Me. 397 (1 Am. St. Rep. 321, 10 Atl. 49); *Aerkfetz v. Humphreys*, 145 U. S. 418–420 (12 Sup. Ct. 835); *Chicago v. Kane*, 50

Ill. App. 100; *Cole* v. *Chicago, N. W. Ry. Co.*, 71 Wis. 114 (5 Am. St. Rep. 201, 37 N. W. 84).

III. If the verdict is the result of passion and prejudice it should be set aside and not a certain portion of it remitted: *Adcock* v. *Oregon R. Co.*, 45 Or. 173 (77 Pac. 78); *Bailey* v. *Rome Ry. Co.*, 80 Hun, 7; *Kroener* v. *Chicago, M. & St. P. R. Co.*, 88 Iowa, 16 (55 N. W. 28).

IV. The damages allowed by the jury were excessive. No judgment has been found where a verdict of $15,000 has been allowed to stand in the case of a male adult who has lost a leg below the knee and suffering no other injury: *The Wm. Branfoot*, 48 Fed. 916; *Wood* v. *Louisville Ry. Co.*, 88 Fed. 44; *Norris* v. *Ry Co.*, 68 Hun, 39; *Bailey* v. *Rome Ry. Co.*, 80 Hun, 7; *Kroener* v. *Chicago, M. & St. P. Ry. Co.*, 88 Iowa, 16, 26 (55 N. W. 28); *Stucke* v. *Orleans Ry. Co.*, 50 La. Ann. 172, 205 (23 So. 342); *Budge* v. *Morgan's L. & T. S. Co.*, 108 La. Ann. 346 (32 So. 535).

V. The court erred in allowing interest on this verdict, or in allowing interest to run before the judgment was entered, as interest should not be allowed until the amount of the judgment is made certain: B. & C. Comp. § 4595; *Hawley* v. *Dawson*, 16 Or. 344 (18 Pac. 592); *Pengra* v. *Wheeler*, 24 Or. 532, 535 (34 Pac. 354, 21 L. R. A. 762); *Smith* v. *Turner*, 33 Or. 379 (54 Pac. 166); *Hawley* v. *Barker*, 5 Colo. 118; *Cody* v. *Filley*, 5 Colo. 124; *Blickenstaff* v. *Perrin*, 105 Ind. 522, 527 (55 Am. Rep. 222); *Shepherd* v. *Brenton*, 20 Iowa, 41; *Kelsey* v. *Murphy*, 30 Pa. St. 340; *Fowler* v. *Baltimore & O. Ry. Co.*, 18 W. Va. 579.

It was improper for the trial court to compel the defendant to try this case with the jury having the bias and prejudice shown by the juror J. E. Simmons. At the time the said juror exhibited his prejudices objection was made to proceeding further with the trial and an exception was taken. The allowing of a motion of this character is in the discretion of the court, but the court should be very care-

ful to see that the defendant is protected, and that its rights are not tried by jurors, or any of them, who are subject to bias or prejudice, so that they cannot try the matter impartially, and that even though the fact that the juror has a prejudice is developed after he has been accepted as a juror : *Simmons* v. *United States*, 142 U. S. 148 (12 Sup. Ct. 171).

· For respondent there was an oral argument by *Mr. Henry E. McGinn*, together with a brief, to this effect.

1. For one in charge of a train to order a brakeman to go between two of the cars to couple the air-hose, and then to start the train without giving him any warning, is negligence, for which the railroad company is liable if the brakeman, in consequence, is injured : *Terre Haute & I. R. Co.* v. *Rittenhouse*, 28 Ind. App. 633 (62 N. E. 295); *Bows* v. *New York, N. H. & H. R. R. Co.*, 181 Mass. 89 (62 N. E. 949); *Carroll* v. *New York, N. H. & H. R. R. Co.*, 182 Mass. 237 (65 N. E. 69); *Brady* v. *New York, N. H. & H. R. R. Co.*, 184 Mass. 225 (68 N. E. 227); *Tibbs* v. *Alabama Great S. R. Co.*, 111 Ala. 449 (19 So. 969); *Missouri, K. & T. Ry. Co.* v. *Crane*, 13 Tex. Civ. App. 426 (35 S. W. 797); *Galveston, H. & S. A. R. Co.* v. *Courtney*, 30 Tex. Civ. App. 544, 547 (71 S. W. 307); *Pittsburg, C. C. & St. L. Ry. Co.* v. *Hewitt*, 202 Ill. 28 (66 N. E. 829); *Chicago & E. I. R. Co.* v. *White*, 209 Ill. 124 (70 N. E. 588); *Missouri, K. & T. Ry. Co.* v. *Gearhart*, 81 S. W. 325 (Tex. Civ. App.); *Louisana W. Ext. Co.* v. *Carstons*, 19 Tex. Civ. App. 190 (47 S. W. 36); *Texas & Pac. Ry. Co.* v. *McCoy*, 17 Tex. Civ. App. 494 (44 S. W. 25); *Missouri, K. & T. Ry. Co.* v. *Hauer* (Tex. Civ. App.), 43 S. W. 1078; *Highland Av. & B. R. Co.* v. *Miller*, 120 Ala. 535 (24 So. 955); Reno's Employers' Liability Acts (2 ed.), §§ 127, 250; *Woodward Iron Co.* v. *Andrews*, 114 Ala. 243–257 (21 So. 441).

2. The refusal of the trial court to set the verdict of the jury aside because of excessive damages, and to grant a

new trial, cannot be reviewed by this court on appeal. This court has repeatedly so held : *State* v. *Fitzhugh*, 2 Or. 227; *State* v. *Wilson*, 6 Or. 429; *Hallock* v. *Portland*, 8 Or. 29; *State* v. *McDonald*, 8 Or. 113; *State* v. *Drake*, 11 Or. 396 (4 Pac. 1204); *Kearney* v. *Snodgrass*, 12 Or. 311 (7 Pac. 309); *Nelson* v. *Oregon R. & Nav. Co.*, 13 Or. 141 (9 Pac. 321); *McQuaid* v. *Portland & V. R. Co.*, 19 Or. 535 (25 Pac. 26); *Coos Bay Nav. Co.* v. *Endicott*, 34 Or. 573, 578 (57 Pac. 61).

3. The verdict of the jury was by trial court reduced from $15,000 to $9,450. The plaintiff has some cause to complain ; the defendant certainly has none. In no other class of cases does the amount of damages rest necessarily so largely in the discretion of the jury as in those involving a recovery for the infliction of personal injuries, and the courts are very loath to interfere with a verdict in such cases in the absence of plain evidence that the jury have abused the discretion vested in them : *Coleman* v. *Southwick*, 9 Johns. 45, 48 (6 Am. Dec. 253); *Southwick* v. *Stevens*, 10 Johns. 443, 446; 3 Sedgwick, Damages, § 1321; 1 Sutherland, Damages, 810; 3 Sutherland, Damages, 730.

In the following cases verdicts have been considered with reference to the amount of recovery: *Smith* v. *Whittier* ($30,000), 95 Cal. 281, 298 (30 Pac. 529); *Morgan* v. *Southern Pac. Co.* ($15,000), 95 Cal. 501, 508 (30 Pac. 601); *Roth* v. *Union Depot Co.* ($15,000), 13 Wash. 525, 546 (43 Pac. 641, 31 L. R. A. 855); *Tilly* v. *New York & T. S. Co.* ($15,000), 162 N. Y. 614 (57 N. E. 1127); *Kalfur* v. *Broadway Ferry R. R. Co.* ($15,000), 161 N. Y. 660 (57 N. E. 1113); *Chicago City Ry. Co.* v. *Wilcox* ($15,000), 138 Ill. 370 (27 N. E. 899, 27 L. R. A. 76); *Southern Ry. Co.* v. *Crowder* ($15,000), 130 Ala. 256, 265 (30 So. 592); *Chicago, etc. R. Co.* v. *Fisher* ($16,000), 38 Ill. App. 33, 43; *Williamson* v. *Brocklyn H. R. Co.* ($22,500), 53 App. Div. 399; *Stewart* v. *Long Island R. Co.* ($18,000), 54 App. Div. 623; *Chicago & G. T. Ry. Co.* v. *Spurney* ($15,000), 97 Ill. App. 570; *Gal-*

*veston, H. & N. Ry.* v. *Newport* ($15,000), 26 Tex. Civ. App. 583, 589 (65 S. W. 657); *San Antonio & A. P. Ry. Co.* v. *Connell* ($16,000), 27 Tex. Civ. App. 533, 536 (66 S. W. 246); *Illinois Cent. R. Co.* v. *Cheek* ($14,000), 152 Ind. 663, 678 (53 N. E. 641); *Terre Haute & I. R. Co.* v. *Sheeks* ($15,000), 155 Ind. 74, 100 (56 N. E. 434); *Galveston, H. & S. Ry. Co.* v. *Hynes* ($18,000), 21 Tex. Civ. App. 34 (50 S. W. 624); *Galveston, H. & S. Ry. Co.* v. *Nass* ($20,000), ___ Tex. Civ. App. ___ (57 S. W. 910); *Galveston, H. & S. A. Ry. Co.* v. *Cooper* ($15,000), 2 Tex. Civ. App. 43, 52 (20 S. W. 990); *Galveston, H. & S. A. Ry. Co.* v. *Abbey* ($16,000), 29 Tex. Civ. App. 211, 214 (68 S. W. 293).

4. Interest is properly collectible where the plaintiff has been delayed in recovering his judgment by reason of a motion for a new trial filed by the defendant: *Griffith* v. *Baltimore & O. R. Co.*, 44 Fed. 574; *Weed* v. *Weed*, 25 Conn. 494; *Carson* v. *German Ins. Co.*, 62 Iowa, 433, 441 (17 N. W. 650); *Winthrop* v. *Curtis*, 4 Me. 297; *Vail* v. *Nickerson*, 6 Mass. 261; *Erie Ry. Co.* v. *Ackerson*, 33 N. J. L. 33, 36; *Bull* v. *Ketchum*, 2 Denio, 188, 190; *Irvin* v. *Hazleton*, 37 Pa. 465.

5. The questions asked by the juror Simmons of the witness George Adams were not so improper as to warrant the granting of a new trial: *Simmons* v. *United States*, 142 U. S. 148 (12 Sup. Ct. 171); *Chicago & E. R. Co.* v. *Holland*, 122 Ill. 461, 469 (13 N. E. 145); *Chicago, M. & St. P. Ry. Co.* v. *Harper*, 128 Ill. 384 (25 N. E. 561); *McAllister* v. *Sibley*, 25 Me. 474, 488; *Chalmers* v. *Whittemore*, 22 Minn. 305, 307; *Jordan* v. *Florida*, 22 Fla. 528, 531; *Carthaus* v. *State*, 78 Wis. 560, 567 (47 N. W. 629).

· MR. JUSTICE BEAN delivered the opinion of the court.

1. The jury found from the evidence that the plaintiff was ordered by Adams to couple the air hose, and that he was acting, at the time he was injured, in obedience to

such order. It is admitted that plaintiff did not warn or notify the motorman or conductor of the train of his presence between the cars. The single question, therefore, on the motion for nonsuit, is whether he was guilty of contributory negligence in executing the order of Adams without warning the motorman or conductor of his action. By obeying such order and attempting to make the coupling, he assumed all the risks ordinarily incident to such service; but it was not, in our opinion, incumbent upon him to advise the immediate operators of the train of the dangerous position in which he had been put by the orders of his superior. He had a right to act upon the assumption that Adams would perform the duties and responsibilities resting upon the master, and not needlessly or carelessly expose him to danger from injury by the sudden moving of the cars. He was obeying an order which required prompt and immediate execution, and had a right to assume that Adams would use due care not to expose him to unnecessary danger. It is claimed that Adams had no control over the movements of the cars, but that they were under the exclusive management of the motorman and conductor, and that plaintiff was aware of that fact. The evidence is, however, that all the employees, both those engaged in the operation of the train and in other work, were under the immediate charge and supervision of Adams, and took their orders from him. It may be that he did not direct the motorman and conductor as to the details of their work, or give signals, or assume the immediate charge of the train; but he evidently had a right to exercise the authority to direct what should be done and by whom. He ordered the plaintiff to go in between the cars and couple up the air, and some of the other employees to go aboard the cars and release the brakes, and so it does appear that he in fact exercised some authority or control over the making up of the train.

For the purpose of directing and controlling the conduct and services of the various employees of the defendant under his charge and supervision he stood in the place of the master, and for his negligence the master is responsible: Laws, 1903, p. 20.

2. It was undoubtedly the plaintiff's duty to obey the orders of Adams, unless obedience would have involved a risk obviously dangerous, and he was not, we think, guilty of contributory negligence in not notifying the motorman or conductor of his position: 2 Current Law, 840; *Terre Haute & I. R. Co.* v. *Rittenhouse*, 28 Ind. App. 633 (62 N. E. 295); *Malcolm* v. *Fuller*, 152 Mass. 160 (25 N. E. 83). This is not a case, like those cited by the defendant, where a car repairer or a locomotive enginéer went under a car or locomotive for the purpose of making repairs without putting out a flag or signal, and was injured by another car being backed down against the one he was engaged in repairing. In such case it was negligence for the injured party to voluntarily assume a position of manifest danger without guarding against injury. But here the plaintiff was ordered by his immediate superior to do the particular act in which he was engaged at the time of his injury, and he had a right to assume that he would not be exposed, in so doing, to the extraordinary and‿unusual hazard of having cars suddenly pushed down against the ones between which he was working and without notice or warning to him.

3. The damages awarded by the jury were, in the opinion of the trial court, excessive, but it overruled a motion to set aside the verdict, as it had a right to do (*Adcock* v. *Oregon R. Co.*, 45 Or. 173, 77 Pac. 78), on condition that plaintiff would remit all in excess of $9,450, which was done accordingly.

47 Or.——3

4. It has been decided that the refusal of a trial court to set aside a verdict on account of excessive damages cannot be reviewed on appeal (*Nelson* v. *Oregon R. & Nav. Co.*, 13 Or. 141, 9 Pac. 321; *McQuaid* v. *Portland & Van. R. Co.*, 19 Or. 535, 25 Pac. 26; *Coos Bay Nav. Co.* v. *Endicott*, 34 Or. 573, 57 Pac. 61), and this, it seems, is the general rule on the subject (see cases cited 2 Century Digest, § 1826), unless, perhaps, it is manifest that the verdict was the result of passion or prejudice.

5. We cannot, therefore, disturb the verdict as reduced by the trial court. It has been approved by that court, and is not so excessive as to show plainly that it was the result of bias or prejudice.

6. The court was in error, however, in allowing interest on the verdict from its date to the rendition of judgment. In the absence of a contract to pay interest, the right to exact it must be found in the statute (*Rensselaer Glass Factory* v. *Reid*, 5 Cow. 608), and the statute makes no provision for interest on unliquidated damages arising out of a tort until made certain by judgment: B. & C. Comp. § 4595; *Hawley* v. *Dawson*, 16 Or. 344 (18 Pac. 592); *Hawley* v. *Barker*, 5 Colo. 118; *Kelsey* v. *Murphy*, 30 Pa. 340.

7. During the trial one of the jurors interrogated a witness in such a manner as, in the opinion of counsel for defendant, indicated a prejudiced attitude toward the defendant, and he thereupon moved the court to discharge the jury from the further consideration of the case. The motion was overruled, the court holding that the conduct of the juror, was not, in its opinion, such as indicated bias or prejudice. It needs no argument or citation of authority to show that a trial court should release a jury from the consideration of a case when it is made to appear that by reason of facts existing at the time the jury was impaneled, but unknown to the court, or facts occurring afterwards, members of the jury are subject to such bias or prejudice

as not to stand impartially between the parties.   Neither party to a cause has a right to a corrupt or prejudiced jury, and the court should immediately discharge a jury when the cause of justice would otherwise be defeated.   But in this case the trial judge, who observed the attitude of the juror and his manner of asking questions, decided that his conduct did not indicate bias or prejudice, and, while it was somewhat unusual, there is not enough in the record to justify us in disturbing the findings.

8. The judgment will be modified by eliminating the item of interest, and otherwise affirmed.

MODIFIED AND AFFIRMED.