Submitted on remand from the Oregon Supreme Court August 9, affirmed on appeal and on cross-appeal October 6, 2021

Kyle K. WALKER,
*Plaintiff-Appellant*
*Cross-Respondent,*

*v.*

STATE OF OREGON,
by and through the Semi-Independent State Agency,
the Oregon Travel Information Council,
branded and doing business as the
Oregon Travel Experience,
*Defendant-Respondent*
*Cross-Appellant.*

Marion County Circuit Court
15CV02202; A163420

499 P3d 160

In *Walker v. Oregon Travel Information Council*, 367 Or 761, 484 P3d 1035 (2021), the Supreme Court held that the Court of Appeals erred in reversing a judgment for plaintiff based on a jury verdict on plaintiff's common law wrongful discharge claim. The court remanded the case to the Court of Appeals to consider plaintiff's assignment of error that the trial court erred in rejecting plaintiff's claim that she was discharged for "whistleblowing," in violation of ORS 659A.203(1). Plaintiff contended that, in violation of the Oregon Constitution, Article VII (Amended), section 3, the trial court erred in making findings on the statutory claim that deviated from the jury's findings on plaintiff's wrongful-discharge claim, on which plaintiff had prevailed. *Held*: As a claim that provided for equitable relief, the statutory claim "sound[ed] in equity" and was to be tried to the court. The Oregon Constitution, Article VII (Amended), section 3, protects a jury's verdict in an action at law tried to the jury. It does not preclude a court from making different findings on a different claim tried to the court in equity. The trial court did not err in making its own findings on plaintiff's statutory claim.

Affirmed on appeal and on cross-appeal.

On remand from the Oregon Supreme Court, *Walker v. Oregon Travel Information Council*, 367 Or 761, 484 P3d 1035 (2021).

Mary Mertens James, Judge.

Luke W. Reese and Garrett Hemann Robertson PC filed the briefs for appellant-cross-respondent.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Denise G. Fjordbeck, Assistant Attorney General, filed the briefs for respondent-cross-appellant.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

ARMSTRONG, P. J.

Affirmed on appeal and on cross-appeal.

**ARMSTRONG, P. J.**

Plaintiff, who was discharged from her position as the chief executive officer (CEO) of Oregon Travel Experience (OTE), a semi-independent state agency, brought this action against her former employer, the Oregon Travel Information Council (defendant). Plaintiff asserted that she was fired in violation of ORS 659A.203(1)—for "whistleblowing"[1]—for reporting defendant's alleged violations of law to the director of the Department of Administrative Services (DAS), and that her firing constituted a common-law wrongful discharge. The trial court denied defendant's motion for a directed verdict on the wrongful-discharge claim and submitted that claim to the jury, which found that plaintiff had been wrongfully discharged and awarded plaintiff damages of $1.2 million. The statutory claim was required to be tried to the court, and the court, in a lengthy letter opinion that included findings, rejected the claim.

Plaintiff appealed, contending that the trial court erred in rejecting the statutory claim. Defendant cross-appealed, challenging the sufficiency of the evidence on the wrongful-discharge claim. We agreed with the parties' understanding that a violation of ORS 659A.203 can provide the basis for a wrongful-discharge claim, *Walker v. Oregon Travel Information Council*, 299 Or App 432, 447, 450 P3d 19 (2019), but we concluded that the trial court had erred in submitting the wrongful-discharge claim to the jury. *Id.* at 449. We reasoned that the evidence was legally insufficient to allow an inference that, when plaintiff made her report to the DAS director, plaintiff had an objectively reasonable basis[2] for her belief that defendant had acted unlawfully. *Id.* at 448-49. In light of our reversal of the jury's verdict, we

---

[1] As relevant here, ORS 659A.203(1) (2015) provided that "it is an unlawful employment practice for any public employer to

"*****

"(b) Prohibit any employee from disclosing, or take or threaten to take disciplinary action against an employee for the disclosure of any information that the employee reasonably believes is evidence of:

"(A) A violation of any federal or state law, rule or regulation by the state, agency or political subdivision."

[2] In *Love v. Polk County Fire District*, 209 Or 474, 495, 149 P3d 199 (2006), we said:

did not address plaintiff's contention on appeal that the trial court had erred in rejecting her statutory whistleblowing claim. *Id.* at 449.

The Supreme Court reversed our disposition of the wrongful-discharge claim and reinstated the jury's verdict. *Walker v. Oregon Travel Information Council*, 367 Or 761, 484 P3d 1035 (2021). The court agreed with our conclusion that an employee who reports a public employer's violations of law enjoys protection under ORS 659A.203(1) from discharge or other disciplinary action. But the court concluded that we had incorrectly evaluated as an issue of law rather than an issue of fact the question whether plaintiff had an "objectively reasonable belief" that defendant had engaged in unlawful activity. The court explained that, in the context of "whistleblowing," whether the employee had an "objectively reasonable belief" that the employer had violated the law is a question of fact for the factfinder. 367 Or at 780. The court concluded, further, that there was evidence in the record in this case from which the jury could find that plaintiff could form an "objectively reasonable belief" that OTE had violated the law, "either through violating her statutory authority as

---

"[T]he legislature has recognized the importance of 'whistleblowing' by public employees—but only to a qualified extent. Confronted with competing considerations of (1) promoting freer and fuller disclosure by public employees and (2) avoiding the institutional and political consequences for public employers of good faith, but objectively baseless and irresponsible, 'extramural' complaints by employees, the legislature has opted to extend statutory protection only to objectively reasonable complaints. Phrased somewhat differently: There is a protected 'important public duty' for public employees to engage in objectively reasonable whistleblowing."

In concluding that the trial court had erred in rejecting defendant's motion for directed verdict on the wrongful-discharge claim, we explained that the evidence in the record did not permit inferences that plaintiff had an objectively reasonable basis for believing that defendant had acted unlawfully:

"The undisputed evidence does not support an inference that plaintiff had an objectively reasonable belief that she would have suffered an adverse employment consequence had she advised the Council chair that notice was required for the March 12 meeting. Nor does the record support an inference of an objectively reasonable belief that the report to Jordan was necessary to bring the Council into compliance with the Public Meetings Law. Those circumstances also lead us to conclude that plaintiff's report to Jordan did not fulfill a 'substantial public duty' for purposes of the wrongful-discharge claim. We conclude for those reasons that the trial court erred in denying the Council's motion for a directed verdict on plaintiff's common-law wrongful-discharge claim."

*Walker*, 299 Or App at 449.

CEO under ORS 377.835(7) or violating the public meetings law, or both." 367 Or at 784-85. The court has remanded the case to us to consider plaintiff's assignment of error that we did not address that, in its evaluation of plaintiff's statutory whistleblowing claim, the trial court erred in making independent findings on factual issues that the statutory claim had in common with plaintiff's wrongful-discharge claim.

In its evaluation of plaintiff's wrongful-discharge claim, the jury implicitly found: (1) that plaintiff's report to the director of DAS was a "whistleblower" report under ORS 659A.203; (2) that plaintiff was fired because of that report; and (3) that plaintiff was damaged as a result. In rejecting defendant's motion for judgment notwithstanding the verdict, the trial court concluded that there was evidence to support those findings.

But, as set forth in a lengthy letter opinion, in its own evaluation of the testimony and evidence in the record on the statutory whistleblowing claim, the trial court made different findings. The court found plaintiff "not credible." The court found that plaintiff's report to the DAS director concerning the alleged public meetings law violation was misleading and, effectively, false, and did not trigger the whistleblower protection of ORS 659A.206(5), because plaintiff did not disclose in the report her own role in bringing about the public meetings law violation by failing to advise defendant that notice requirements applied. The court found, further, that plaintiff did not have an objectively reasonable basis to conclude that defendant had violated statutes relating to her role in setting employee compensation and other matters relating to her function as CEO. The court also found that plaintiff's reporting of the alleged violation was not a substantial factor in her discharge. Rather, the court found, defendant fired plaintiff because of "a wide variety of performance and leadership issues": (1) plaintiff's resistance to taking direction; (2) plaintiff's undisclosed implementation of a staff salary structure outside of the agency's budget and contrary to defendant's direction and in excess of plaintiff's statutory spending authority; and (3) plaintiff's persistent lack of good judgment, transparency, truthfulness, listening, and accountability.

In short, the court found that plaintiff had not established any of the elements of a statutory whistleblowing claim. Just as the Supreme Court has held that there was evidence from which a jury could find that plaintiff's beliefs that defendant had violated the law were objectively reasonable, there was evidence in support of the trial court's finding that plaintiff's belief was not objectively reasonable. There also was evidence in the record to support each of the trial court's other findings on the statutory claim.

In her assignment of error, plaintiff does not contend that the trial court's findings are not supported by evidence in the record.[3] Plaintiff's only contention is that the trial court was precluded by the Oregon Constitution, Article VII (Amended), section 3, from making new findings on those factual issues.[4]

We reject the contention. In *Greist v. Phillips*, 322 Or 281, 294-95, 906 P2d 798 (1995), the Supreme Court explained the origins of the constitutional provision:

"Before the adoption of Article VII (Amended), section 3, in 1910, Oregon trial courts were empowered to exercise their discretion and set aside jury verdicts and grant new trials for excessive damages found by a jury, or to order a remittitur of the excess as a condition to denying a motion for a new trial. *See, e.g.*, General Laws of Oregon, ch 2, § 232(5), p. 197 (Deady 1845-1864) (court could set aside jury's verdict because of '[e]xcessive damages * * * given under the influence of passion or prejudice'); *Adcock v. Oregon Railroad Co.*, 45 Or 173, 181, 77 P 78 (1904) ('Where the damages assessed are excessive, in the opinion of the trial court, or not justified by the evidence, the error may in many cases be obviated by remitting the excess.'); *Sorenson*

---

[3] As a statutory claim providing for equitable relief, plaintiff's whistle-blowing claim "sounds in equity" and is potentially subject to *de novo* review under ORS 19.415(3). ORS 659A.885(1). In a separate assignment, plaintiff asked that we exercise our discretion to review the statutory claim *de novo* pursuant to ORS 19.415(3). We have previously rejected that assignment. 299 Or App at 449.

[4] Article VII (Amended), section 3, of the Oregon Constitution provides, in part:

"In actions at law, where the value in controversy shall exceed $750, the right of a trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict."

*v. Oregon Power Co.*, 47 Or 24, 33, 82 P 10 (1905) (approving trial court's exercise of remittitur). *See also* Hall S. Lusk, Forty-Five Years of Article VII, Section 3, Constitution of Oregon, 35 Or L Rev 1, 4 (1955) (stating that, before adoption of Article VII (Amended), section 3, trial courts were empowered to set aside verdicts that they believed to be excessive).

"Article VII (Amended), section 3, and subsequent decisions by this court, did away with that practice. 'In order to inhibit such practice and to uphold verdicts, the Constitution was amended so as to preclude a court from re-examining any fact that had been tried by a jury, when the verdict returned was based on any legal evidence.' *Buchanan v. Lewis A. Hicks Co.*, 66 Or 503, 510, 133 P 780, 134 P 1191 (1913)."

Thus, the court recognized that Article VII (Amended), section 3, protects a jury's verdict in an action at law tried to the jury. It does not preclude a court from making different findings on a different claim tried to the court in equity.[5]

As the Supreme Court noted here, "the statutory whistleblowing claim was tried to the court sitting in equity, based on the equitable nature of the remedies that the 2015 version of the statute then afforded," *Walker*, 367 Or at 768, and plaintiff's wrongful-discharge claim was tried to a jury. The jury's determinations on the wrongful-discharge claim did not bind the trial court sitting in equity in its trial of the statutory claim. *See Westwood Corp. v. Bowen*, 108 Or App 310, 318, 815 P2d 1282 (1991) (rejecting similar challenge under Article VII (Amended), section 3; explaining that constitutional jury-trial provisions, pertaining to actions at law, do not apply to statutory claims tried as in equity to the court; and stating, "The court did not reexamine a finding in an action at law; it made a separate finding in an equitable proceeding in which the jury's finding enjoyed no constitutional insulation and to which its finding was legally irrelevant."). The trial court's findings on the statutory claim were separate from and do not compromise the jury's

---

[5] As relevant here, plaintiff's statutory claim required plaintiff to show that defendant took disciplinary action against her for her "disclosure of any information that the employee reasonably believes is evidence of:

"(A) A violation of any federal or state law statute[.]"

findings or verdict on the common-law wrongful-discharge claim or implicate the constitutional provision. We therefore reject plaintiff's contention that the trial court violated Article VII (Amended), section 3, in making new findings on the statutory claim.

Affirmed on appeal and on cross-appeal.