[Filed January 6, 1886.]

## ISAAC NELSON v. OREGON RAILWAY AND NAVIGATION COMPANY.

Verdict—Excessive Damages.—Where the verdict of a jury is excessive, it is the duty of the *nisi prius* court to set it aside; but its refusal to do so cannot be reviewed by this court.

Appeal—Damages on when, for Delay.—Except when the appellant has abandoned his appeal, damages will not be allowed a respondent unless it very clearly appears that the appeal was merely for the purpose of delay.

Multnomah County. Defendant appeals. Reversed.

*C. B. Bellinger*, for Appellant.

*Sidney Dell*, for Respondent.

Thayer, J. This appeal comes here upon the question as to whether the general verdict of the jury is consistent with their special findings. After finding a verdict in favor of the respondent for the sum of $6,000, the jury, under directions of the court, returned the following special findings:

" Did the conductor, at the time the train reached The Dalles, use any force or insulting language in expelling

the plaintiff from the train? *Answer.* No. Did the con-
ductor, prior to reaching The Dalles, at any place be-
tween Umatilla and that place, assault the plaintiff by
taking him out on the platform, and threatening to put
him off if he did not pay his fare, or assault or use force
upon or insulting language to the plaintiff? *A.* Yes.
Did the conductor collect from the plaintiff the sum of
one dollar at any place between Umatilla and The Dalles?
*A.* Yes. Did the plaintiff, at the time of his expulsion
from the train of the defendant at The Dalles, have in his
possession a mutilated ticket, which, notwithstanding
mutilation, could be identified by the conductor as a
through-ticket used by the defendant for the passage of
one person on its said passenger train from Meacham's
station to Portland? Did he offer that ticket as payment
for his fare between Umatilla and Portland? and did the
conductor refuse to accept it as payment of such fare?
*A.* Yes. Was it a regulation of the defendant that a
through-ticket from Meacham's station to Portland should
be taken up, from the passengers traveling on such
ticket, by the conductor on its train immediately after
leaving Umatilla, and returned to the auditor of the
defendant at Portland? *A.* Yes.

These findings were relevant to the issues made in the
pleadings, but the appellant's counsel contended on the
argument that they did not justify the amount of
the recovery. This may be so as a matter of fact, but
we could not so find as a matter of law. This court
would hardly be authorized to find that the verdict was
too large, unless it could determine, as a matter of law,
the precise amount, or limit, to which it should have
been restricted. We have nothing to do with the facts
of the case, and yet I cannot see how we can interfere
with the judgment unless we review the facts. Where
the verdict of a jury is excessive, it is the duty of the *nisi*

*prius* court to set it aside, but its refusal to do so cannot be reviewed by this court. Nothing but questions of law appearing upon the transcript can be reviewed here. The verdict herein may have been much larger than this court would have allowed under the evidence in the case, or in view of the facts found by the jury. Still we have no right to set it aside, or reverse or modify the judgment entered thereon. The jury are judges of the facts, and however widely our view might disagree with theirs matters nothing. We have no right to invade their province, however sanguine we may be that they have committed error. The errors assigned by the appellant are not well taken, and the judgment must be affirmed.

The respondent's counsel claimed upon the argument that the appeal was intended as a delay, and that he was entitled to a per centum as damages therefor. This court has never, to my knowledge, allowed damages in such cases, except where the appellant has abandoned his appeal, and I do not think it should depart from that rule, unless the purpose of delay is very apparent. I do do not think there is much question in this appeal, but still I am not willing to say there was not probable cause for taking it. No damages will therefore be allowed.