[Filed November 10, 1890.]

## J. M. McQUAID, Respondent, v. THE PORTLAND & VANCOUVER R. R. CO., Appellant.

Circuit Court Reporter—Shorthand Notes—Bill of Exceptions.—The shorthand notes of the circuit court reporter appointed under the act approved February 25, 1889 (Session Acts, 1889, pp. 142, 143, 144), when transcribed, certified and filed with the clerk as in the act provided, do not take the place of a bill of exceptions, nor can the supreme court review a question of fact in an action at law on said "notes."

Motion for New Trial—Ruling Not Reviewable.—The ruling of the trial court in refusing a new trial presents no question for review on appeal.

Appeal from Multnomah county: E. D. Shattuck, judge.

There is no bill of exception in this record, and yet the only question which the appellant seeks to make on the appeal arises out of the effect of certain statements made by the plaintiff when on the stand as a witness in his own behalf. On his cross-examination, defendant's counsel asked him to estimate the amount of his damages, and the reporter certifies that he answered one thousand dollars. The jury gave a verdict for $1,495. The defendant in due time moved to set it aside and to grant a new trial, which was refused, and this is the only assignment of error.

C. B. Bellinger, for Appellant.

Admissions of a party in judicio—admissions made in the course of legal proceedings, are conclusive upon him. Such admissions conclusively establish the fact admitted. 1 Greenleaf on Evidence, § 27. The appellant contends that this principle applies to admissions made by the party

while under examination as a witness. If the admissions of a party made as a substitute for proof are conclusive of the fact admitted, *a fortiori*, his admissions made as proof should have the same affect.

The question in this case is as to whether the order appealed from is an appealable order. The general rule, that the order of the court in denying a motion to set aside a verdict and for a new trial is not appealable, is not questioned; but it cannot be questioned that if the case is one where it clearly appears that the court should have allowed the motion, the refusal to do so is an abuse of discretion and may be reviewed on appeal.

*E. O. Doud*, for Respondent.

First—Affidavits used on motion for a new trial form no part of the record, and cannot be used on appeal unless brought properly before the court by a bill of exceptions. *State* v. *Drake*, 11 Or. 396; *State* v. *Chee Gong*, 17 Or. 635; *State* v. *McGinnis*, 17 Or. 333.

Second—An order refusing a new trial will not be reviewed. All errors relied upon must be raised at the trial and they must be made to appear by the record. Proceedings excepted to during the trial must be brought into the record by bill of exceptions. *Scott* v. *Cook*, 1 Or. 25; *Taylor* v. *Patterson*, 5 *id.* 121; *Oregonian Railway Co.* v. *Wright*, 10 *id.* 162; *Newby* v. *Rowland*, 11 *id.* 133; *State* v. *Drake*, 11 *id.* 396; *State* v. *Clements*, 15 *id.* 247; *Kearney* v. *Snodgrass*, 12 *id.* 311; *State* v. *Becker*, 12 *id.* 318; *State* v. *Chee Gong*, 17 *id.* 635.

Third—The ruling of the court on a motion for a new trial is not assignable error. *Bowen* v. *State*, 1 Or. 271; *State* v. *Fitzhugh*, 2 *id.* 236; *State* v. *Wilson*, 6 *id.* 428; *State* v. *McDonald*, 8 *id.* 113; *Tucker* v. *Salem Flouring Mills*, 13 *id.* 28.

STRAHAN, C. J., delivered the opinion of the court.

There being no bill of exceptions in this case, the appellant relies upon the certificate of the official reporter. On February 25, 1889, an act entitled "An act authorizing the

appointment of official reporters in the circuit courts, and prescribing their duties and fixing their compensation," was approved. Session Acts, 1889, pp. 142, 143, 144. Under section 2 of that act the reporter, when a full report is ordered, "shall cause accurate shorthand notes of the oral testimony or other proceedings to be taken." Section 3 provides for the reporter's compensation. Section 4, amongst other things, makes it the duty of the reporter, when shorthand notes have been taken in any case as in the act provided, if the court or either party requests a transcript of the notes, to cause a full, accurate type-written transcript of the testimony or other proceedings, which should be certified and filed with the clerk, for the use of the court or parties. Section 5 provides, in effect, that said report and proceedings, when transcribed and certified as correct, may thereafter be read in evidence as the deposition of a witness in the cases mentioned in section 829, Hill's Code.

These are the main features of the act on the subject presented by appellant's counsel, and we fail to discover anything in it that gives the reporter's notes the effect or makes it perform the office of a bill of exceptions. No doubt the object of the act was to enable the parties to put in available form the proceedings at the trial to enable them to make an accurate bill of exceptions, but it was never designed to thus make a substitute for that part of the record. If said notes could be so used, the transcript before us would be unavailable for another reason. It only purports to contain the plaintiff's cross-examination,—not all of his evidence,—and it does not purport to contain all the evidence given upon the trial.

We may add that if the question which counsel for appellant seeks to make were before us, we could not, in the absence of controlling authority, give to the evidence of a party when on the stand as a witness the effect of an estoppel by record. He occupies in a civil case the same situation of any witness affected by like motives and interest. The effect of his evidence and his credibility

are for the jury, and it would be going too far for the court to declare as a matter of law that he is bound or estopped by every statement he makes. The verdict of the jury may have been excessive, If so, the court below had power to correct it by granting a new trial. That discretion is vested by law in the trial court, with which this court has never interfered. It presents no question for this court to review on this appeal.

We find no error in the record and the judgment appealed from must be affirmed.