Argued 11 April; decided 24 April, 1899.

## COOS BAY NAVIGATION COMPANY *v.* ENDICOTT.

[57 Pac. 61.]

Opening Default is Discretionary.*—The setting aside of a default judgment is peculiarly a matter of discretion, and the fact that a successful defense has afterwards been made is a cogent reason for not disturbing the order.

Setting Aside Judgment.—The discretion of the trial court in setting aside a default judgment upon an application made two days after such default, will not be disturbed on appeal where it appears from the affidavits of defendant's attorney in support of the motion that the practice prevailed that, unless the time for answering expired before the beginning of the term, the cause would go over, and that the default was entered and the jury called to assess the damages pending negotiations in reference to the subject-matter of the litigation:  *Thompson* v. *Connell*, 31 Or. 231, and *Hanthorn* v. *Oliver*, 32 Or. 57, cited.

---

*Note.—In 60 Am. St. Rep. 633-664, is a monograph on Vacating Judgments and Decrees on Motion When not Specially Authorized by Statute.—Reporter.

Expected Answer.*—Sustaining an objection to questions propounded to a witness cannot be said to be erroneous where the record does not disclose the particular facts sought to be elicited by the question: *Kelley* v. *Highfield*, 15 Or. 277, followed.

Evidence of Attempted Compromise.—Evidence of negotiations between the parties to a suit, concerning the subject-matter of the litigation, is inadmissible where they were unable to agree: *Cochran* v. *Baker*, 34 Or. 555, and Hill's Ann. Laws, § 856.

Appealable Error—Excessive Damages.—The refusal of the trial court to set aside a verdict because of excessive damages is not reviewable: *Kumli* v. *Southern Pacific Co.*, 21 Or. 512, followed.

From Coos :   J. C. Fullerton, Judge.

This is an action by the Coos Bay, Roseburg and Eastern Railroad and Navigation Company against Julia M. and William W. Endicott, to appropriate land for a right of way for a railroad. The summons was served upon the defendants on the third day of May, 1894. On the twenty-second of the same month their default for want of an answer was duly entered, and on the succeeding day a jury was called, which, after hearing the testimony offered by the plaintiff, assessed the defendants' damages at the sum of $150, the amount admitted in the complaint. On the next day defendants moved the court for permission to answer and defend, alleging that the default occurred through mistake, inadvertence, surprise, and excusable negligence ; that they did not know or suppose the action would be tried at the then term of court, until the jury had been impaneled therein ; that they resided about forty miles from the county seat, and did not appear in such action, because they were informed and believed that the court had made an order that, if the time for answering after service in an action did not expire by the first day of the term, it would not be tried at such term ; that they were negotiating with

*Note.—The same rule has been enforced in the following cases: *Stanley* v. *Smith*, 15 Or. 505; *Tucker* v. *Constable*, 16 Or. 409; *State* v. *Gallo*, 18 Or. 425; *Craft* v. *Dalles City*, 21 Or. 55.—Reporter.

plaintiff about the right of way, and supposed they could and would agree upon the compensation to be paid therefor without resorting to a trial; that $150 is not an adequate consideration for such right of way, but that the damage to defendants' premises by reason thereof is at least the sum of $450, which they would be able to show if allowed to defend. This motion was supported by the affidavits of the defendants' attorney, employed after the default had been entered against them, and after the jury had been impaneled, and one I. E. Rose, which set forth the facts substantially as stated in the motion. On the same day the plaintiff filed a counter affidavit, which, however, contains nothing material to any question on this appeal, except the admission that negotiations were in progress between the plaintiff and defendants, in reference to the subject-matter of the litigation at the time the default was taken. Upon the showing thus made, the court very promptly set aside the default, and permitted the defendants to answer. An answer was thereafter filed, denying that $150, or any other or less sum than $700, is a reasonable compensation for the damages defendants would suffer by reason of the taking of the land sought to be appropriated, and setting up, as new matter, sundry facts going to show the amount of such damages. A reply having been filed, a trial was subsequently had, resulting in a verdict in favor of the defendants for the sum of $500, which, on a motion of the plaintiff to set aside the verdict, and for a new trial, on the ground, among others, of excessive damages, was reduced to $350, and judgment entered accordingly. From this judgment the plaintiff appeals, assigning as error: First, the refusal of the trial court to enter judgment in its favor on the verdict of the jury rendered May 23, 1894, and in sustaining defendants' motion to set aside their default and permitting them to answer;

second, in sustaining the defendants' objections to certain questions propounded to the witness Dodge, called on behalf of the plaintiff, in reference to a conversation he had with the defendants while attempting, as an agent of the plaintiff, to negotiate with them concerning such right of way ; and, third, the overruling of plaintiff's motion to set aside the verdict, and for a new trial.

AFFIRMED.

For appellant there was a brief and an oral argument by *Messrs. J. W. Bennett* and *S. H. Hazard*.

For respondents there was a brief over the names of *D. L. Watson, James Watson,* and *D. L. Watson Jr.*, with an oral argument by *Mr. David Lowry Watson*.

MR. JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

It is a well settled rule that an application to set aside a default is addressed to the sound discretion of the trial court, and that its action thereon will not be disturbed on appeal, unless there is an abuse thereof, and especially so when a default has been set aside, as in this case, and a successful defense afterwards made : *City of Chicago* v. *Adams*, 24 Ill. 492. It is true this discretion is not an arbitrary one, but must be exercised in conformity with the spirit of the law, and in accordance with the rules established in reference thereto : *Thompson* v. *Connell*, 31 Or. 231 (65 Am. St. Rep. 231, 48 Pac. 467); *Hanthorn* v. *Oliver*, 32 Or. 57 (67 Am. St. Rep. 518, 51 Pac. 440). But as said by the Supreme Court of California in *Watson* v. *Railroad Co.*, 41 Cal. 20 : ''Each case must be determined upon its own peculiar facts, for perhaps no two cases will be found to present the same circumstances

for consideration. As a general rule, however, in cases where, as here, application is made so immediately after default entered as that no considerable delay to the plaintiff is to be occasioned by permitting a defense on the merits, the court ought to incline to relieve. The exercise of the mere discretion of the court ought to tend, in a reasonable degree, at least, to bring about a judgment on the very merits of the case ; and, when the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better, as a general rule, that the doubt should be resolved in favor of the application."

While the showing made in this case was somewhat meager, and although the better practice undoubtedly is for an affidavit in support of a motion of this kind to be made by the party himself, yet, under the circumstances, we are not prepared to say that the trial court abused its discretion or exercised it erroneously. The defendants were, no doubt, negligent in not appearing within the time specified in the summons, but they were in a measure excused by the practice which seems to have prevailed, that, unless the time for answering expired before the beginning of the term, the cause would go over. In view of this fact, and the further fact that, pending negotiations in reference to the subject-matter of the litigation, the default was entered, and a jury called to assess the damages, we are of the opinion the action of the court in permitting them to defend ought not to be disturbed.

Nor was it error to sustain the objections to the questions propounded to the witness Dodge, because (1) the record does not disclose the particular facts sought to be elicited by the question (*Kelley* v. *Highfield*, 15 Or. 277, 14 Pac. 744); and (2) they related to a matter wholly

immaterial, and not in issue in the case, as the complaint alleged, and the answer admitted, that the parties were unable to agree.

Upon the remaining questions, it is sufficient to say that it was held in *Nelson* v. *Oregon Ry. & Nav. Co.*, 13 Or. 141 (9 Pac. 321), and *McQuaid* v. *Portland & Vancouver R. R. Co.*, 19 Or. 535 (25 Pac. 26), that the refusal of a trial court to set aside a verdict because of excessive damages cannot be reviewed on appeal. And as said in *Kumli* v. *Southern Pacific Co.*, 21 Or. 505 (28 Pac. 639): "Until these cases are overruled, they are the law of this state, and control in the determination of the questions sought to be raised in this case." The judgment from which this appeal is taken is not so excessive or disproportionate as to call for a re-examination, at this time, of the doctrines of the cases referred to. Judgment affirmed.

Affirmed.

Decided 20 March; rehearing decided 6 November, 1899.