Argued 5 July, decided 23 October, 1906.

## LINDSAY *v.* GRANDE RONDE LUMBER CO.

87 Pac. 145.

MASTER AND SERVANT—PERSONAL INJURY—CONSTRUCTION OF COMPLAINT—NEGLIGENCE IN NOT PROMULGATING RULES AND REGULATIONS.

1. In an action for injuries to an employee sustained in running logs down a shoot for defendants, a complaint alleging that without the enforcement of regulations governing the manner in which the work was to be done the place at which plaintiff was working was extremely dangerous, and that defendant neglected to promulgate or enforce any rule or regulation for the safety of its employees, the want of which was the cause of the accident, and that defendant had an employee at the head of the shoot to start the logs and warn the employees below, but that shortly before the accident such employee had been removed and others directed to send the logs down without any system, after which plaintiff was injured, is sufficient as charging negligence in not providing suitable regulations governing the conduct of the work.

APPEAL—RIGHT OF SUPREME COURT TO MODIFY EXCESSIVE VERDICT.

2. The supreme court cannot reduce an excessive verdict, since the size of the verdict presents only questions of fact, and they cannot be reviewed under the Oregon practice.

From Union: ROBERT EAKIN, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This is an action by G. H. Lindsay against the Grande Ronde Lumber Co. to recover for an injury received by the plaintiff while in the employ of the defendant, and alleged to have been caused by its negligence. The defendant is a corporation en-

gaged in the lumber and logging business in Union County. At one of its camps logs were shot from the top of a mountain to the Grande Ronde River, some considerable distance below, through a trench—commonly called a "ground shoot"—made by plowing a couple of furrows and dragging a log through them. The course of this shoot is broken about 10 or 12 rods down the mountain side by a level place called the "middle bench." Logs were hauled by teams from where they were cut in the woods to the head of the shoot, and there started down toward the river, but, as the shoot was very steep to the middle bench, they descended so rapidly that many of them jumped or bounded from the shoot and stopped at that point. It was therefore necessary for defendant to have men and teams stationed at the middle bench to put the logs back into the shoot and start them on down to the river. The plaintiff had been employed at the logging camp for some time prior to the accident, but knew nothing of the manner in which the work was conducted at the shoot until about the day before, when he was put to work in the timber near by and observed that four or five logs were allowed to accumulate at the head of the shoot, when a man named Kinney would start them down in lots of four or five at a time, first giving warning to the men at work at the middle bench. About 8:30 o'clock on the morning of February 16, 1905, plaintiff was put to work at the middle bench to assist in sending the logs on down, without being instructed or informed as to the manner of conducting the work and with no knowledge upon that subject, except such as he had obtained from observation. After he and his fellow workmen had cleared up the logs that had accumulated at the middle bench they retired a short distance and called for more logs, when Kinney sent others down to them. Some of the logs started by Kinney jumped from the shoot, and while plaintiff and his companions were putting them back, preparatory to starting them on their journey, plaintiff heard Cameron, one of the teamsters, halloo at the top of the mountain, and, looking up, saw a log coming down the shoot very rapidly. He started to run to get out of its way, but was unable to do so. The log bounded out of

the shoot and struck him, crushing his hip, dislocating his shoulder and otherwise seriously and permanently injuring him. He was taken by friends to a hospital at Baker City, where he was confined for 260 days under the care of a physician; his hospital and physician's fees amounting to $1,400. At the time of the accident he was 33 years of age, in perfect health, and of unusual vigor and healthful physique, but his shoulder is now stiff, and little use can be made of his arm, and his leg is crooked, about four inches short, badly shrunken, and its proper use and strength permanently lost. On account of his injuries and the suffering he underwent his general health is somewhat impaired, and he is incurably and permanently maimed and disabled.

The complaint, after setting out the facts substantially as stated, alleges that by reason of the grade of the shoot from the top of the mountain to the middle bench, and the danger incident to the work of sending logs down it, it was necessary and indispensable for the safe conduct of the work and for the safety of persons engaged therein to have a sufficient number of competent men and appliances stationed at the top of the shoot to start the logs down in a systematic and regular manner, and to see that no logs were started without due notice and warning to the men at work on the middle bench, and a sufficient length of time allowed to enable them to get to a place of safety; that it was also indispensable to the safe conduct of the work and the safety of its employees for the defendant to promulgate and enforce rules and regulations for the government of its employees while engaged in such work, and without such rules and regulations and proper instructions as to a safe, prudent and systematic manner of doing the work the same became and was needlessly hazardous and dangerous to persons at work at the middle bench, who could not by ordinary care and precaution foresee or avoid such dangers; that the ground shoot was insufficient in depth and width to conduct the logs safely down the same, and by reason thereof the middle bench was rendered unusually and needlessly dangerous as a place to work in, and particularly so unless a system and

rules for the safe conduct of the work were promulgated and enforced by the defendant, requiring that warning be given to the men at the middle bench and sufficient time prior to starting a log down the shoot allowed them in which to retire to a place of safety; that at the time plaintiff was detailed for work at the middle bench by defendant an employee with a team was stationed at the head of the shoot to attend to starting the logs down and to see that warning was given a sufficient time beforehand to permit the employees at work at the middle bench to take precautions as to their safety; that such employee had no other duties to perform, and while he was attending to his duties logs were sent down at certain and regular intervals, and after such logs as stopped at the middle bench had been cleaned up such employee gave notice and warning before the next succeeding lot were sent down, and in such manner the employees at work at the middle bench could safely perform their duty.

It is then further alleged that plaintiff believed and was led to believe that the work would so continue, but a short time after he commenced work the defendant, disregarding his safety and without notice to him or with his knowledge, removed such employee and team from the top of the shoot and directed and instructed the teamsters who were hauling the logs to start them down the shoot immediately upon their arrival at its head, without any rules or regulations and without any provision for warning to the persons at work at the middle bench; that immediately after the removal of the employee from the head of the shoot the log which caused the injury to the plaintiff was sent down by one of the teamsters without notice or warning to him; that for want of such notice or warning he had no means of knowing or realizing the danger, and it was impossible for him to take the necessary precaution for his safety; that at the time he commenced work at the middle bench he relied and believed that proper and sufficient warning would be given, and that proper rules and regulations governing the conduct of the work had been promulgated and would be enforced, and he had no notice or information that the logs would be sent down the shoot other than in a regular and systematic manner, and he

(48th Or.—28)

was not instructed or informed as to the danger that resulted in his injury; that the defendant knew, or could by the exercise of reasonable diligence have known, of the dangers and that the work of sending logs down the shoot could not be conducted with safety without promulgating and enforcing rules and regulations for the safe conduct of the work, and that defendant knew, or by the exercise of reasonable diligence could have known, that to conduct the work without such rules and regulations and the enforcement thereof subjected plaintiff to an unforeseen and unusual peril that resulted in his injury, notwithstanding which defendant neglected, failed and omitted to promulgate or enforce any sufficient rules or regulations for the safe conduct of the work, and neglected, failed and omitted to give any notice or in any manner warn plaintiff of the dangers; that the defendant through its negligence caused the log which injured plaintiff to be started down the shoot without sufficient previous notice to him, and, in disregard of his safety, operated the work at the top of the shoot at the time of the accident in a careless and negligent manner which caused and resulted in the accident and injury to the plaintiff.

The answer denies all the allegations of the complaint, except the incorporation of the defendant, that it was engaged in the lumber and logging business, and that the plaintiff was employed by it at the time of his injury. For an affirmative defense it is alleged that the injury to plaintiff was not due to the negligence of the defendant, but was the result of the ordinary hazards of his employment and the negligence of a fellow servant; that the shoot mentioned in the complaint was properly and safely built and kept in good repair, and the jumping of the logs therefrom as alleged was not due to its faulty construction, but was one of the ordinary incidents of the business of sending logs down such a shoot and a hazard of the employment; that defendant had previously adopted, promulgated and was enforcing rules and regulations known to the plaintiff for the conduct of its employees in running logs down the shoot; that one of these rules provided that before a log should be started the men at work at the middle bench should be notified,

and if the shoot was clear they should immediately seek a place of safety at least 100 feet from the shoot and out of danger in case a log should leave the shoot, and when in such position they were to notify the employee of the defendant stationed at the head of the shoot, who would then start the log down; that this rule was fully complied with by the parties stationed at the head of the shoot, but that the plaintiff negligently and carelessly failed to seek a place of safety after timely warning had been given, and thereby contributed to the cause of his injury. The reply denied all the affirmative allegations of the answer.

Upon the issues thus joined the cause was tried to a jury and verdict rendered in favor of the plaintiff for $17,000. A motion for a new trial, on the grounds (a) that the verdict is excessive and appears to have been given under the influence of prejudice and passion, (b) insufficiency of the evidence to justify the verdict, and (c) error of law occurring at the trial, was overruled and judgment entered on the verdict. From this judgment the defendant appeals, assigning error as follows: (1) The overruling of a motion for nonsuit and the refusal to direct a verdict for defendant; (2) refusing to instruct the jury that if Kinney, the person placed at the top of the shoot by defendant to start logs down, did start the log which struck and injured plaintiff, they must find for the defendant; (3) instructing that, if the negligence of the defendant materially contributing to the injury of the plaintiff concurred with the negligence of a fellow servant, the defendant is liable, even if the negligence of the fellow servant contributed to the cause of the injury; (4) instructing the jury that if the work in which plaintiff was engaged at the time of his injury was such as to require rules and regulations for the reasonably safe conduct thereof, and the defendant failed and neglected to provide such rules and regulations and such failure was the proximate cause of the injury, the plaintiff is entitled to recover if he was not negligent himself; (5) modifying two instructions requested by the defendant, to the effect that, if the accident to the plaintiff was due to the negligence of a fellow servant plaintiff could not recover, by adding thereto the

proviso if defendant was itself without negligence; and (6) the overruling of the motion to set aside the verdict because it is excessive and the result of prejudice and passion.

AFFIRMED.

For appellant there was a brief over the names of *Crawford & Crawford* and *Snow & McCamant*, with oral arguments by *Mr. Thomas Harrison Crawford* and *Mr. Zera Snow.*

For respondent there was a brief with oral arguments by *Mr. Leroy Lomax* and *Mr. Gustav Anderson.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

1. It is unnecessary to notice the alleged errors *seriatim,* for they are all, except the last, based upon the theory that the complaint charges but one specific act of negligence as the proximate cause of the injury to the plaintiff, and that is the removal by the defendant of the employee Kinney from the head of the shoot a short time before the log causing the injury to plaintiff was sent down, and directing the teamsters who were hauling logs to start them down without instructing them how to do so with safety to the plaintiff and others working at the middle bench. With this construction of the allegations of the complaint as a premise, counsel argue that the motion for nonsuit was well taken because the proof shows, as they claim, that Kinney was not removed from the head of the shoot, but was at work there at the time the log causing the injury to the plaintiff was started down, and was in fact the person who started it, and that it was error for the court to instruct the jury in reference to the duties of the defendant to promulgate and enforce suitable rules and regulations governing the work of sending logs down the shoot, because such instructions were not within the issues made by the pleadings. In this construction of the complaint we are unable to concur. It is perhaps unnecessarily long and prolix, but it manifestly proceeds upon the theory that it was the duty of the defendant to exercise reasonable care and prudence to provide the plaintiff with a reasonably safe place in which to work, and that from the nature and character of the work at the middle bench, and the

dangers necessarily attending it, it was not such a place unless the defendant had established and enforced adequate rules or regulations among its employees governing the manner in which the work should be done, and providing for proper and timely warning to the men at work at the middle bench before logs were started down the shoot.

It is expressly alleged that without the enforcement of such rules or regulations the place at which plaintiff was put to work was extremely hazardous and dangerous, and that defendant failed and neglected to promulgate or enforce any rule or regulation for the safety of its employees, and that the want of such a rule or regulation was the cause of the accident to the plaintiff. That the place at which plaintiff was put to work was extremely dangerous and unsafe without the strict enforcement of a rule or regulation requiring the men to be warned of the approach of a log a sufficient length of time to seek a place of safety, and that a failure or neglect of the defendant to promulgate and enforce some such regulation would be actionable negligence, are too clear for argument: *Anderson* v. *North Pac. Lum. Co.* 21 Or. 281 (28 Pac. 5). And one of the issues made by the pleadings and tried in the lower court was whether the defendant had discharged its duty in this regard. The complaint alleges that it had failed and neglected to provide or enforce such a rule or regulation. This averment is not only denied by the answer, but it is affirmatively alleged that defendant had promulgated and enforced a rule requiring that before a log should be started down the shoot the men at work at the middle bench should be notified and given time to place themselves in a position of safety, and that after they had done so they were to notify the parties stationed at the head of the shoot, who should then send the log down. To disregard these averments of the pleadings and the issues thus tendered and made would be giving to the complaint altogether too technical a construction for the practical administration of justice, and especially so since the question does not seem to have been raised or suggested until the trial.

It is true the complaint alleges that on the morning plaintiff

went to work at the middle bench defendant had an employee (which the evidence shows to have been Kinney) stationed at the top of the shoot to attend to starting the logs and to see that warning was given to the employees working at the middle bench in time to take precaution for their safety, and that while he was attending to his duties logs were sent down at regular intervals, and notice and warning given before the next succeeding lot were started, and that in such manner the work was safely conducted, but that a short time before the accident this employee had been removed and the teamsters directed to send the logs down immediately and without any system, and that after the removal of such employee the log causing the injury was sent down. This is but a part of the averments of the complaint, and it is not alleged that the employee stationed at the head of the shoot had been properly instructed in regard to his duties or that he had been instructed at all, or that suitable rules or regulations had been promulgated by the defendant for his guidance, or that his removal was the sole and proximate cause of the injury to the plaintiff. Indeed, the contention that the complaint assumes that he had been properly instructed as to his duties is negatived by the positive averment that no rules or regulations had been promulgated by the defendant governing the conduct of the work at the shoot or the manner of giving warning to the employees at the middle bench of an approaching log. We are of the opinion, therefore, that the complaint charges negligence in not providing suitable rules or regulations governing the conduct of the work, and that the court was not in error in submitting the cause to the jury on that theory.

2. The remaining question arises upon the overruling of the motion to set aside the verdict because it is excessive. It was held by this court in *Nelson* v. *Oregon Ry. & Nav. Co.* 13 Or. 141 (9 Pac. 321), that where the verdict of a jury in an action of this kind is excessive it is the duty of the trial court to set it aside, but its refusal to do so cannot be reviewed on appeal because it does not present a question of law, but one of fact, which the court is not authorized or empowered to examine.

This case has been subsequently followed (*McQuaid* v. *Portland & V. Ry. Co.* 19 Or. 535, 25 Pac. 26; *Kumli* v. *Southern Pac. Co.* 21 Or. 505, 28 Pac. 637; *Coos Bay Nav. Co.* v. *Endicott,* 34 Or. 573, 57 Pac. 61; *Sorenson* v. *Oregon Power Co.* 47 Or. 24, 82 Pac. 10), and we know of no reason why it should be now disregarded. The verdict in this case is large, but the trial judge, who saw the parties, heard the witnesses, and was necessarily more familiar with the facts than we can be from reading the record, declined to disturb the verdict, and nothing appears to justify our interfering with his conclusions, even if we had the right to do so.

Judgment affirmed. AFFIRMED.