Argued 9 April, decided 11 June, rehearing denied 17 July, 1907.

### LANDSWICK *v.* LANE.

#### 90 Pac. 490.

MUNICIPALITIES—CHARTER REQUIREMENT OF RESIDENCE FOR LABORERS.

1. Section 163 of the Portland charter of 1903, providing that "no unskilled laborer not a citizen of the United States * * and who has not resided within the city for one year * * shall be employed by the city" does not apply to citizens of this country and as to them there is no residence requirement.

APPEAL—RECORD—EVIDENCE DEHORS.

2. Matters not in the record and of which the court is not authorized by statute to take judicial notice cannot be considered for any purpose. Where the proceedings before a commission appointed to prepare a city charter, and an explanatory note issued by the commission to the voters at the time the charter was adopted, are not a part of the record on appeal, they cannot be considered in determining the construction of a provision of the charter.

From Multnomah: ARTHUR L. FRAZER, Judge.

Statement by MR. JUSTICE EAKIN.

This is a proceeding by mandamus brought by Thor C. Landswick against Harry Lane, mayor of Portland, and the members

of the Civil Service Commission. A demurrer to the alternative writ was sustained, and the proceeding dismissed, from which the plaintiff appeals. The writ shows that C. H. McNemee and Geo. W. Snyder on December 26, 1905, made application to the commission for examination as to their fitness for employment as laborers in the street cleaning department of the city; that in their examination it appeared that they had not resided in the city for one year next preceding thereto, and after said examination, namely, on January 3, 1906, their names were placed on the register of eligible candidates for such employment, and thereafter, on the same day, plaintiff, who is also on said register for similar employment, demanded of the commission that their names be stricken from the register, for the reason that they were not eligible for such employment without a residence of one year before such registration.

Section 163 of the Portland charter provides:

"No mechanic or unskilled laborer not a citizen of the United States, who has not declared his intention to become such, and who has not resided within the city for one year next before entering thereon, shall be employed by the city. Eight hours shall constitute a day's work for all laborers, workmen and mechanics who may be employed by the city, and the minimum wages of unskilled manual laborers employed by the city shall be $2 per day."                                    AFFIRMED.

For appellant there was a brief over the name of *Stivers & Beckwith,* with an oral argument by *Mr. Walter Henry Stivers.*

For respondents there was a brief over the names of *L. A. McNary,* City Attorney, *John P. Kavanaugh* and *P. L. Willis,* with an oral argument by *Mr. Kavanaugh.*

Opinion by MR. JUSTICE EAKIN.

1. The only question arising on the appeal is whether other laborers than those not citizens of the United States, who have declared their intention to become such, are eligible for employment by the city without establishing previous residence within the city for one year. Plaintiff claims that the first sentence of Section 163 of the charter includes a citizen of the United

States, as well as a person not a citizen, and that both are precluded from employment, unless they have resided within the city one year; while the defendant insists that the residence qualification applies only to persons not full citizens. This language of the section is not entirely free from difficulty. In arriving at the intention of the legislature, we may look not only at the words used, but also look to statutes *in pari materia*, and consider the general purpose of the statute and the surrounding circumstances in so far as they may tend to explain doubtful language. Section 707, B. & C. Comp., provides:

"In the construction of a statute the intention of the legislature, * * is to be pursued, if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former."                                    ,

We find that Section 311 of the charter, relating to examinations under the civil service law of applicants for places in the classified civil service, provides, among other things:

"Said examinations shall be confined to citizens of the United States who can read and write the English language, and shall be open to all such citizens who possess such qualifications as to residence, age, health, habits and moral character as may, by rule, be prescribed by the commission."

This section evidently contemplates that all citizens of the United States are eligible for employment, if otherwise qualified as disclosed by the examination, without any qualification as to residence, except such as the commission may by rule provide, and leaves to the discretion of the commission to determine the propriety of making a residence qualification for applicants who are citizens. The provisions of this section may be deemed general as to eligibility, and, if there is a special provision as to residence in conflict therewith, the latter should prevail: Sutherland, Stat. Const. (2 ed.) § 346. Yet, when the latter is ambiguous or of doubtful meaning, the former may be considered in so far as it may aid to the intention of the legislature. And thus Section 311 of the charter indicates that the legislature did not intend to prescribe in the charter a residence qualification for applicants who are citizens of the United States.

It is said in *Alexander* v. *Worthington,* 5 Md. 485: "The
language of a statute is its most natural expositor, and where
its language is susceptible of a sensible interpretation it is not
to be controlled by any extraneous considerations." Sutherland,
Stat. Const. § 388 says: "In construing a particular part of a
statute, the whole act may be regarded, and all other acts bear-
ing on the subject, and all extraneous circumstances which the
legislature may be supposed to have had in mind may be prop-
erly taken into consideration, yet the intent which is finally ar-
rived at must be an intent consistent with and fairly expressed
by the words of the statute themselves." And Section 367 of
the same work states: "When the words of a provision are
plainly expressive of an intent not rendered dubious by the con-
text, no interpretation can be permitted to thwart that intent;
the interpretation must declare it, and it must be carried into
effect as the sense of the law." In *Sturges* v. *Crowninshield,*
17 U. S. (4 Wheat.) 200 (4 L. Ed. 529), the court say: "Al-
though the spirit of an instrument, especially of a constitution,
is to be respected not less than its letter, yet the spirit is to be
collected chiefly from its words. It would be dangerous in the
extreme to infer from extrinsic circumstances that a case for
which the words of the instrument expressly provided shall be
exempted from its operation."

Construed by these rules, the residence qualification of Sec-
tion 163 of the charter can only affect laborers not citizens of
the United States. The subject of this sentence of the section
is "no mechanic or unskilled laborer not a citizen of the United
States," and the qualifying clause, "not a citizen of the United
States," is restrictive and determines who are included within
it, and is thereby restricted to laborers not citizens. Also, we
have the two relatives connected by "and," namely, "who has
not declared his intention to become such," and "who has not
resided within the city for one year," clearly referring to the
same antecedent. " 'And who,' 'but who' or 'or who,' etc., are
best used only when preceded by the same relative": Carpenter's
Eng. Grammar, 87. Genung's Practical Elements of Rhetoric,

in discussing the discrimination of the antecedent of pronouns, on page 125, says: "There are two laws of thought, which, according to occasion, may aid the reader in referring the pronoun to its antecedent: ' One is the law of prominence, by which the pronoun is interpreted as referring to the principal subject of the antecedent clause; the other is the law of proximity, by which the pronoun is referred to the nearest subject." To the same effect is Sutherland, Stat. Const. §§ 409, 420: "Relative and qualifying words and phrases, grammatically and legally, where no contrary intention appears, refer solely to the last antecedent." In this case the import of the first relative clause discloses unequivocally that its antecedent is "not a citizen," and both relatives have the same antecedent. It is hardly possible to put any construction upon the sentence that would make it include a person who is a citizen of the United States, as well as one who is not, without changing the whole phraseology; so that, whether we construe it by the plain, common-sense reading, or with other sections *in pari materia,* or by its technical, grammatical construction, the result is the same.

2. As aids to the interpretation of this section, counsel for the plaintiff in their brief refer the court to what took place before the charter commission, who were appointed by the legislature to prepare the charter, and also to an explanatory note issued by the commission to the voters at the time the charter was adopted; but these matters are not within the record or the knowledge of the court, and therefore cannot be considered.

There being no error in the ruling of the court below, the judgment is affirmed.                                                   AFFIRMED.

---

<div align="center">

Decided 11 June, 1907.