Argued July 3, affirmed July 17, 1917.

## ALBRIGHT *v.* KEATS AUTO CO.

(166 Pac. 758.)

**Damages—Amount—Proof.**

1. The *quantum* of damages is a fact to be established by the testimony, and cannot be left to surmise or speculation.

**Damages—Instructions—Personal Injuries.**

2. In an action for personal injuries, an instruction that if plaintiff was entitled to recover it was for the jury to determine the amount, and if they found for plaintiff to allow her such sum as would fairly and reasonably compensate her for such injuries as she "may have suffered" by reason of the accident, taking into account her physical suffering, if any, her mental anguish, if any, and the necessary expenses resulting from the accident and loss of time, if any, and that in arriving at this amount jury should find such amount as would be justified by the evidence, laying aside any question of sympathy for the plaintiff or of prejudice against the defendants, did not leave the *quantum* of damages to surmise or speculation, and did not mislead the jury, since there was evidence of physical and mental suffering of plaintiff and of her loss of time and expenses.

[As to mental anguish as element of damage in action for tort, see note in 7 Am. St. Rep. 535.]

**Appeal and Error—Review—Assignments of Error.**

3. Where error in the admission of evidence is argued in the brief, but no such error is assigned, the question is not before the appellate court for review.

**Appeal and Error—Record—Motion for New Trial.**

4. Where appellate court finds no motion for new trial in the record, it cannot consider alleged error in denying such motion.

**Appeal and Error—Review—New Trial—Grounds—Excessive Damages.**

5. The appellate court will not review the discretion of the Circuit Court in refusing to grant a new trial on the ground that damages are excessive.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Action by Mollie Albright against H. L. Keats and W. N. Jones, a copartnership, doing business under the name and style of H. L. Keats Auto Company, in which plaintiff obtained a verdict in her favor and defendants appealed. Affirmed.

Department 2. Statement by MR. JUSTICE MC-CAMANT.

This is an action brought to recover damages for a personal injury sustained August 1, 1915. The case grows out of the same accident involved in the case of *Mary M. Houston* v. *H. L. Keats Auto Company,* in which an opinion has this day been rendered. In that case the defendants admitted some facts which in this case were proved. The effect of the record is substantially the same in both cases. The ownership of the automobile which collided with plaintiff is proved in this case and the negligence of the driver is admitted. The jury found for plaintiff in the sum of $8,095.85; from a judgment entered on this verdict defendants appeal.                      AFFIRMED.

For appellants there was a brief over the names of *Messrs. Wilbur, Spencer & Beckett* and *Messrs. Crawford & Eakin,* with oral arguments by *Mr. S. C. Spencer* and *Mr. T. H. Crawford.*

For respondent there was a brief and an oral argument by *Mr. W. A. Robbins.*

MR. JUSTICE MCCAMANT delivered the opinion of the court.

Most of the contentions of defendants in this case are concluded by the opinion in *Houston* v. *Keats Auto*

*Company.* For the reasons therein stated the court did not err in denying defendants motions for a nonsuit and for a directed verdict. The instructions requested and given in this case are substantially identical with those in the Houston case and our conclusions with reference to them are as stated in the opinion in that case. It is insisted that the court erred in giving the following instruction:

"If, after careful consideration and comparison of all the evidence in this case, Gentlemen of the Jury, you come to the conclusion that the plaintiff should recover then it will be your duty to determine the amount to which she would be entitled. If you reach this point, and find for the plaintiff, then you will allow her such sum as will fairly and reasonably compensate her for such injuries as you find she may have suffered by reason of this accident, taking into account her physical suffering, if any, her mental anguish, if any, and the necessary expenses that she may have had resulting from this accident, and also loss of time, if any. In arriving at this amount, if you have occasion to do so, you will, of course, find such amount as will be justified by the evidence in this case, laying aside any question of sympathy for the plaintiff or any question of prejudice against the defendants."

1, 2. It is true, as contended, that the *quantum* of damages is a fact to be established by the testimony and it cannot be left to surmise or speculation: *Rugenstein* v. *Ottenheimer,* 70 Or. 600, 606, 607 (140 Pac. 747). But we do not think that the above charge, fairly construed, permitted the jury to speculate on the subject of plaintiff's damages. The words, "may have suffered," are perhaps unfortunate but we think it is obvious that the language was chosen with a view to withholding any expression of opinion as to whether plaintiff had suffered injuries. After using these

words the court directed the attention of the jury to the physical and mental suffering of plaintiff, her loss of time and expenses, qualifying each reference by the words "if any." There was testimony on each of these subjects. The injuries of plaintiff were clearly defined by the testimony; there was no suggestion by any witness that she was liable by reason of the accident to uncertain physical ills in the future. The court gave the jury an express direction to "find such amount as will be justified by the evidence in this case." In conclusion the court instructed the jury to disregard sympathy for plaintiff or prejudice against defendants. We cannot think that the jury was misled by this instruction.

3. It is argued in the brief that there was error in the admission of certain evidence of the witness Bales. No such error is assigned and the question is therefore not before us: *Redsecker* v. *Wade,* 69 Or. 153, 159·(134 Pac. 5, 138 Pac. 485, Ann. Cas. 1916A, 269); *Dundas* v. *Grand View Land Co.,* 79 Or. 379, 380 (155 Pac. 365).

4. Error is assigned on the denial of defendant's motion for a new trial. Under this assignment it is contended that the damages awarded are excessive and that for this reason the court erred in denying the motion. We find no motion for a new trial in the record and therefore cannot consider the alleged error: *Simon* v. *Durham,* 10 Or. 52, 55; *Landswick* v. *Lane,* 49 Or. 408, 412 (90 Pac. 490); *Williamson* v. *Roberts,* 70 Or. 126, 132 (138 Pac. 840, 140 Pac. 633).

5. We may add that it has been repeatedly held that this court will not review the discretion of the Circuit Court in refusing to grant a new trial on the ground that the damages are excessive: *Nelson* v. *Oregon Railway & Navigation Co.,* 13 Or. 141 (9 Pac. 321);

*McQuaid* v. *Portland & Vancouver R. R. Co.*, 19 Or. 535 (25 Pac. 26); *Kumli* v. *Southern Pacific Co.*, 21 Or. 505, 512 (28 Pac. 637); *Coos Bay Co.* v. *Endicott*, 34 Or. 573, 578 (57 Pac. 61); *Sorenson* v. *Oregon Power Co.*, 47 Or. 24, 34 (82 Pac. 10); *Lindsay* v. *Grande Ronde Lumber Co.*, 48 Or. 430, 439 (87 Pac. 145).

The judgment is affirmed.          AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BEAN concur.